IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | | |
|---|---|---|
| KLEANTHIS ANDREADAKIS | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:22-cv-052 |
| | ) | |
| CENTERS FOR DISEASE | ) | The Hon. Judge David J. Novak |
| CONTROL & PREVENTION, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**BRIEF OF DEFENDANT UNITED AIRLINES, INC. IN OPPOSITION
TO PLAINTIF'S MOTION TO EXEPEDITE BRIEFING ON PLAINTIFF'S
<u>MOTION FOR PRELIMINARY INJUNCTION</u>**

Defendant United Airlines, Inc. ("United"), by and through undersigned counsel, respectfully requests that the Court deny the "Plaintiff's Motion to Expedite Briefing on Motion for Preliminary Injunction Against Defendant United Airlines" (Doc. 11) filed on February 7, 2022. The sole justification for the motion to expedite filed by Plaintiff Kleanthis Andreadakis ("Plaintiff" or "Andreadakis") is his claimed need to travel onboard an airplane – without a mask – on February 14, 2022. Based on that Plaintiff-created timing, Plaintiff asks this Court to require United to respond to his preliminary injunction motion (Doc. 10) within two days of it being filed, *i.e.*, by February 9, 2022. The motion to expedite briefing should be denied for several reasons.

First, Plaintiff on January 28, 2022 submitted an extremely lengthy Complaint and exhibits -- 156 pages with 44 separate counts (Doc. 1), pursuant to which Plaintiff seeks "to permanently enjoin enforcement of the Federal Transportation Mask Mandate . . . put into place by orders of the Centers for Disease Control & Prevention ('CDC') – under the purported authority of its parent agency, the Department of Health & Human Services ('HHS') (collectively 'the Federal Defendants')." Complaint, Doc. 1, at pages 1-2; Prayer(s) for Relief, ¶¶ A-C. He has sued not

only United, but also three other airlines – American Airlines, Inc., JetBlue Airways Corporation, and Southwest Airlines Co. (collectively with United, the "Airline Defendants") plus the CDC and HHS, as well as Stat-MD, a medical consultant to the airlines.

Second, Plaintiff has proposed orders granting his preliminary injunction motion that would (1) ban United and non-party United Express regional carriers -- GoJet Airlines and Sky West Airlines, independent entities from United-- from enforcing the Federal Transportation Mask Mandate ("FTMM") (Doc. 10-1); (2) ban application of the FTMM on anyone who self-declares a medical condition that precludes the person from wearing a mask on an airplane (Doc. 10-2); or (3) prohibit United or non-party United Express (GoJet Airlines) from requiring Plaintiff to wear a mask onboard the aircraft (Doc. 10-3). These are broad injunction requests that are contrary to the FTMM.

Third, there is clearly no case or controversy here because Plaintiff has been granted a conditional exemption by United to fly from Richmond to Redding, California without a mask. All that Plaintiff needs to do is present a negative COVID test 72 hours before his travel begins and he will receive a full exemption and can fly without wearing a mask on that trip. Declaration of Wendy Marzullo, Exhibit 1 hereto, ¶¶ 2-3. Plaintiff received a similar exemption last November and was able to fly without a mask on that occasion. *Id*. ¶ 4; *see also* Pl. Ex. 9 (Letter dated November 12, 2021 from United approving exemption from face mask policy for Plaintiff Andreadakis for travel on November 13, 2021). In other words, Plaintiff does not need a preliminary injunction to take his flight. Rather, all he needs is a negative COVID test result.

These factors should be enough to deny his request to expedite the briefing. But there is more. Plaintiff is part of an online coalition of persons opposed to the FTMM that are using litigation to try to find a court to ban the FTMM, and to enjoin the Airline Defendants – and other

...

air carriers not sued in this particular case – from enforcing the FTMM.  This situation is set forth in the Motion to Transfer filed on February 7, 2022 by the Airline Defendants (Doc. 12).  Specifically, the Airline Defendants have requested that this Court transfer this litigation to the United States District Court for the Middle District of Florida where there are two cases challenging the FTMM and airline compliance with the FTMM that have been pending since June 2021.  Indeed, Plaintiff Andreadakis was attempting to be included in one of the cases until last week.  Those cases are: *Wall v. Centers for Disease Control, et al.*, Case No. 6:21-cv-00975-PGB-DCI (M.D. Fla.) (filed June 7, 2021) ("Case No. 975"); and *Wall v. Southwest Airlines Co., et al.*, Case No. 6:21-cv-01008-PGB-DCI (M.D. Fla.) (filed June 14, 2021) ("Case No. 1008").  Doc. 12, Exhibits 1 and 2.

In the Middle District of Florida litigation, the leader of the online coalition – Lucas Wall – or one of his prospective co-plaintiffs (Peter Menage) filed similar motions for temporary restraining order or for preliminary injunction and expedited briefing, all of which have been denied.  *See*, *e.g*., Case 975, Doc. 191 (Motion for Preliminary Injunction); Doc. 191 (Motion for Preliminary Injunction); Doc. 196 ("ORDER STRIKING the 'Time-Sensitive' designation from Motion for a Preliminary Injunction"); Case 1008, Doc. 8 (Order denying Wall motion for temporary restraining order); Doc 150 (Emergency Motion for Temporary Restraining Order); Doc. 153 (denying Emergency Motion for Temporary Restraining Order); Doc. 157 (Motion for Preliminary Injunction); Doc. 172 ("NOTICE Requesting Immediate Ruling on Amended Complaint & Numerous Motions, Reports, Objections & Appeal").

Mr. Wall has run into several issues in his Middle District of Florida litigation and has been utilizing members of his anti-FTMM coalition to file new cases across the country, including this action.  However, the COVID-19 pandemic and the health risks it poses to the traveling public are

serious issues of national consequence which should not be considered on a rushed basis, the Walls/Andreadakis strategy notwithstanding. "The COVID-19 global pandemic poses one of the greatest threats to the operational viability of the transportation system and the lives of those on it seen in decades." *Corbett v. TSA*, 19 F.4th 478, 480 (D.C. Cir. 2021).

This case represents transparent forum-shopping which fully supports application of the first-to-file rule. Because this case is one of several attempts by Lucas Wall to expand his Middle District of Florida litigation beyond that forum by filing suits on behalf of anti-mask coalition members – despite the fact that Mr. Wall is not a lawyer – the case should be transferred to the Middle District of Florida, a forum where it could have been filed originally and where the matter in Mr. Wall's case is pending.

The FTMM provides for air carriers to follow a process by which the carrier evaluates the case of a customer who claims a disability. The CDC Order which is part of the FTMM, titled "Requirement for Persons To Wear Masks While on Conveyances and at Transportation Hubs," CDC, 86 Fed. Reg. 8025, 8027 (Feb. 3, 2021), exempts a "person with a disability who cannot wear a mask, or cannot safely wear a mask, because of the disability." Subsequently, the U.S. Department of Transportation ("DOT") issued guidance to the airlines, which includes the fact that "both the CDC Order and [14 C.F.R.] Part 382 permit airlines to require passengers to consult with the airline's medical expert and/or to provide medical evaluation documentation from a passenger's doctor sufficient to satisfy the airline that the passenger does, indeed, have a recognized medical condition precluding the wearing or safe wearing of a mask." DOT Notice of Enforcement Policy: Accommodation By Carriers of Persons with Disabilities Who Are Unable to Wear Safely Wear Masks While on Commercial Aircraft, at 6 (Feb. 25, 2021) ("DOT Notice"), Pl. Ex. 51. Moreover, DOT provides that "airlines may impose protective measures to reduce or

prevent the risk to other passengers," including "a negative result from a SARS-CoV-2 test, taken at the passenger's own expense, during the days immediately prior to the scheduled flight." *Id*. at 6-7. Plaintiff followed that process, which works, given that he has already received one exemption from the mask requirement, and has been granted another exemption for his flight to California on February 14, 2022, as long as he produces a negative COVID-19 test.

Given that the Plaintiff has obtained the ability to fly without a mask there is no basis for the Plaintiff to receive a preliminary injunction to allow him to fly without a mask. There is therefore no case or controversy that justifies the motions filed by Plaintiff, and most certainly does not call for the severely compressed timing that he seeks.

## **CONCLUSION**

For the reasons set forth above, United respectfully requests that the Motion to Expedite Briefing (Doc. 11) be denied and that the time for a response as set out in the rules of this Court be applied.

Dated: February 8, 2022

Respectfully Submitted,

Joshua W. Cox
Joshua W. Cox, VA Bar No. 87424
STINSON LLP
1775 Pennsylvania Ave., N.W., Suite 800
Washington, D.C. 20006
(202) 728-3023
Email: joshua.cox@stinson.com

M. Roy Goldberg
STINSON LLP
1775 Pennsylvania Ave., N.W., Suite 800
Washington, D.C. 20006
(202) 728-3005
Email: roy.goldberg@stinson.com
*Pro Hac Vice* Application Pending
Counsel for American Airlines, Inc., JetBlue Airways Corp., Southwest Airlines Co. and United Airlines, Inc.

5

**CERTIFICATE OF SERVICE**

      I hereby certify that, on this 8th day of February 2022, I electronically filed the foregoing opposition to the motion to expedite briefing on Plaintiff's motion for preliminary injunction through the CM/ECF system, to which the other parties in this case have access.

                                            /s/ Joshua W. Cox
                                            Joshua W. Cox
                                            Cox