IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

KLEANTHIS ANDREADAKIS,
    Plaintiff,

v.                                                                           Civil No. 3:22cv52 (DJN)

CENTER FOR DISEASE
CONTROL & PREVENTION *et al.*,
    Defendants.

**ORDER**
**(Denying Expedited Briefing and Canceling Hearing)**

This matter comes before the Court on Plaintiff Kleanthis Andreadakis's ("Plaintiff") Motion to Expedite Briefing, moving for an expedited briefing schedule on his Motion for Preliminary Injunction, and Defendants American Airlines, Inc., JetBlue Airways Corp., Southwest Airlines Co., and United Airlines, Inc.'s ("the Airline Defendants") Notice of Hearing Date, noticing the Court that they have scheduled a hearing on their Motion to Transfer on February 25, 2022 (ECF Nos. 13, 22).

First, the Court hereby DENIES Plaintiff's Motion for Expedited Briefing (ECF No. 22). All briefing on any motions, including Plaintiff's Motion for Preliminary Injunction and the Airline Defendants' Motion to Transfer, shall follow the standard briefing schedule laid out in the Local Rules.[1]

---

[1] When a motion is filed, "[u]nless otherwise directed by the Court, the opposing party shall file a response brief and such supporting documents as are appropriate, within fourteen (14) calendar days after service and the moving party may file a reply brief within six (6) calendar days after the service of the opposing party's response brief." Loc. R. 7(F)(1).

Second, the Court hereby DENIES the Airline Defendants' Notice of Hearing (ECF No. 13). The Richmond Division of the Eastern District of Virginia does not hold designated motions days, and as such, does not require parties to notice their motions for a hearing on a motions day. *Richmond Courtesy Copy and Other Division-Specific Information*, U.S. Dist. Ct. for the E.D. Va. (Nov. 1, 2021).[2] The Court will evaluate this Motion once it ripens, and then, in accordance with the Local Rules and Federal Rules of Civil Procedure, decide whether a hearing is necessary to resolve this Motion or any other pending Motions. *See* Fed. R. Civ. P. 78(b) ("By rule or order, the court may provide for submitting and determining motions on briefs, without oral hearings."); Loc. R. 7(J) ("In accordance with Fed. R. Civ. P. 78, the Court may rule upon motions without an oral hearing.").

---

Further, when a dispositive or partially dispositive motion is filed against a *pro se* party,

> It shall be the obligation of counsel for [the moving] party . . . to attach to or include at the foot of the motion a warning consistent with the requirements of *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975). The warning shall state that:
>
> (1) The pro se party is entitled to file a response opposing the motion and that any such response must be filed within twenty-one (21) days of the date on which the dispositive or partially dispositive motion is filed; and
>
> (2) The Court could dismiss the action on the basis of the moving party's papers if the *pro se* party does not file a response; and
>
> (3) The pro se party must identify all facts stated by the moving party with which the *pro se* party disagrees and must set forth the pro se party's version of the facts by offering affidavits (written statements signed before a notary public and under oath) or by filing sworn statements (bearing a certificate that it is signed under penalty of perjury); and
>
> (4) The pro se party is also entitled to file a legal brief in opposition to the one filed by the moving party.

---

[2] Available at https://www.vaed.uscourts.gov/sites/vaed/files/Division%20Specific%20Copies%20Richmond_110121.pdf.

2

Third, the Airline Defendants argue in their Motion to Transfer that Plaintiff is part of a coalition of individuals who have brought multiple nearly identical suits challenging the Federal Transportation Mask Mandate.[3] (Airline Defs.' Mem. of Points and Authorities in Supp. of Mot. to Transfer Litig. to the M.D. Fla. ("Airline Defs.' Mem.") at 1-2 (ECF No. 23).) The Airline Defendants elaborate that another non-lawyer plaintiff in these suits, Lucas Wall ("Wall"), likely drafted the Complaint in this case, because the Complaint bears such striking similarities to those in other cases that Wall has filed on the same subject. (Airline Defs.' Mem. at 11-12.) However, pursuant to Local Rule 83.1, Plaintiff attached to his Complaint a certification that, "under penalty of perjury, no attorney . . . prepared or assisted in the preparation of [his] Complaint." (Compl. at 158 (ECF No. 1).) As such, if the Airline Defendants have any further evidence supporting their assertion that Plaintiff did, in fact, receive assistance in drafting his Complaint or any other filings in this case, or that Wall or another individual has committed unauthorized practice of law, they shall have until February 14, 2022, to supplement their Motion to Transfer with this evidence. Further, the Court hereby DIRECTS Plaintiff to respond to Defendants' arguments regarding whether ghostwriting or unauthorized practice of law has occurred in this case in his Response to the Motion to Transfer, which will be due on February 28, 2022. *See* Loc. R. 7(J) (permitting *pro se* plaintiffs 21 days from the date of service to respond to dispositive or partially dispositive motions).

---

[3] Pursuant to Local Rule 7(K), any party who files any dispositive or partially dispositive motion against a *pro se* party must include a warning consistent with the requirements of *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975). The Airline Defendants' Motion to Transfer is partially dispositive, because it seeks the dismissal of two of the Airline Defendants for lack of personal jurisdiction and improper venue. (Airline Defs.' Mem. at 15-17.) Moving forward, Defendants must include a *Roseboro* notice in any dispositive or partially dispositive motions against Plaintiff, as long as he proceeds *pro se*. The Court includes the contents of the *Roseboro* notice above.

Finally, Plaintiff has filed a Notice of Filing Exhibits (ECF No. 20), along with 234 exhibits that are not attached to his Complaint or any of his motions (ECF Nos. 9, 14, 19). Because these exhibits are not attached to any pleadings or motions, the Court hereby STRIKES these Exhibits and DENIES Plaintiff's request to take judicial notice of them. *See, e.g.*, Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is part of the pleading for all purposes."); *Edley-Worford v. Va. Conf. of United Methodist Church*, 430 F. Supp. 3d 132, 139 (E.D. Va. 2019) ("In rendering its decision, a court may consider documents attached to the complaint, Fed. R. Civ. P. 10(c), 'as well as those attached to the motion[s] to dismiss, so long as they are integral to the complaint and authentic.'" (citations omitted)).

Additionally, Plaintiff is admonished for this abusive filing conduct. The Court understands that Plaintiff is proceeding *pro se*, but by his own admission, he appears to be a knowledgeable *pro se* litigator. (Pl.'s Mot. for Leave to File Electronically at 2 (ECF No. 6) (stating that Plaintiff has a PACER account, has e-filing access in another federal court and prefers to file and receive service via ECF).) Filing such voluminous documentation that is apparently unrelated to any particular pleading or motion constitutes an abuse of judicial process and a waste of the Court's resources. Plaintiff should bear in mind that the Court possesses the discretion to issue a pre-filing injunction against him, which would limit his ability to file any pleadings or other documents in the instant action. *Cromer v. Kraft Foods N. Am., Inc.*, 390 F.3d 812, 817, 819 (4th Cir. 2004) (permitting pre-filing injunctions, among other sanctions, against vexatious and repetitious litigants once the litigants are afforded notice and an opportunity to be heard). The Court hereby ADVISES Plaintiff that, if he files extensive exhibits without attaching them to a motion or pleading in the future or undertakes any other vexatious or

repetitive litigation conduct in this case, he may face sanctions, including, but not limited to, a pre-filing injunction that requires him to seek leave of court before filing similarly voluminous and irrelevant documents. *See Miles v. Angelone*, 483 F. Supp. 2d 491, 493 (4th Cir. 2007), *dismissing appeal*, 238 Fed. App. 978 (4th Cir. 2007), *denying cert.*, 552 U.S. 1092 (2008) (issuing pre-filing injunction against habeas petitioner who filed sixteen meritless motions for reconsideration over a five-year period after the court had advised the petitioner numerous times to cease this behavior).[4] Going forward, any exhibits that Plaintiff files must be attached to a pleading or a motion.

     Let the Clerk file a copy of this Order electronically, notify all counsel of record and send a copy to Plaintiff at his address of record.

     It is so ORDERED.

                                                                /s/  
                                                             David J. Novak  
                                                             United States District Judge

Richmond, Virginia  
Dated: February 9, 2022

---

[4] The injunction would not inhibit Plaintiffs from initiating any non-frivolous complaints, or litigating or filing documents in any pending unrelated cases in federal or state court. *See Miles*, 483 F. Supp. 2d at 496 (limiting scope of pre-filing injunctions to case before the court and related cases).