IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA (RICHMOND DIVISION)

| | | |
|---|---|---|
| KLEANTHIS ANDREADAKIS | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:22-cv-052 |
| | ) | |
| CENTERS FOR DISEASE | ) | The Hon. Judge David J. Novak |
| CONTROL & PREVENTION, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**AIRLINE DEFENDANTS' SUPPLEMENTAL SUBMISSION IN
SUPPORT OF THEIR MOTION TO TRANSFER LITIGATION
TO THE MIDDLE DISTRICT OF FLORIDA**

Pursuant to the Court's order dated February 9, 2022, Doc. 27, Defendants American Airlines, Inc., JetBlue Airways Corp., Southwest Airlines Co., and United Airlines, Inc. ("Airline Defendants"), by and through undersigned counsel, respectfully provide this supplemental submission to the motion to transfer this case to the United States District Court for the Middle District of Florida (Doc. 12), and supporting brief (Doc. 23). The Court's order stated that, "if the Airline Defendants have any further evidence supporting their assertion that Plaintiff did, in fact, receive assistance in drafting his Complaint or any other filings in this case, or that Wall or another individual has committed unauthorized practice of law, they shall have until February 14, 2022, to supplement their Motion to Transfer with this evidence." Doc. 27, at 3. Here is the supplemental information that the Airline Defendants are providing in response.

**1.     EVIDENCE OF MR. WALL'S INVOLVEMENT IN THE COMPLAINT
          AND PLAINTIFF'S OTHER FILINGS IN THIS CASE.**

With regard to the involvement of Lucas Wall in this case, the Airline Defendants point to the similarities in (1) the two pending cases in the Middle District of Florida filed by Lucas Wall, and (2) the Complaint in this case. *See* Appendix A, Chart attached to Doc. 23, at pages 19-27;

and as amended, Doc. 28 (Feb. 14, 2021).  Many of the claims in the two Wall cases and this case

are identical.  This includes, without limitation, the following examples:

- Conspiracy to Interfere with Civil Rights (No. 1008, Count 1, and the present case – referred to hereafter as Case "No. 52," Count 19).

- Neglecting to prevent interference with civil rights against the yet-to-be-named Individual Defendants.  (No. 1008, Count 2; and No. 52, Count 20).

- Violation of the Rehabilitation Act (No. 1008, Count 3; and No. 52, Count 21).

- Violation of the Air Carrier Access Act (No. 1008, Count 6; and No. 52, Count 23).

- Violation of Federal Regulation: Requiring a Medical Certificate from Disabled Passengers Who Ask for a Mask Exemption (No. 1008, Count 9; and No. 52, Count 27).

- Violation of Federal Regulation: Requiring Disabled Passengers Needing a Mask Exemption to Undergo a Medical Screening (No. 1008, Count 10; and No. 52, Count 28).

- Violation of Federal Regulation: Requiring Disabled Passengers Who Seek a Mask Exemption to Submit a Negative COVID-19 Test for Each Flight When Nondisabled Customers Aren't Subject to This Same Requirement (No. 1008, Count 11; and No. 52, Count 29).

- Violation of Federal Regulation: Limiting the Number of Disabled Passengers with Mask Exemptions on a Flight (No. 1008, Count 12; and No. 52, Count 32).

- Breach of Contract (No. 1008, Count 17; and No. 52, Count 35).

- Reckless Endangerment: Forcing Passengers to Wear Masks in Violation of the Food, Drug, & Cosmetic Act that Are Experimental Medical Devices Proven to Harm Human Health (No. 1008, Count 18; and No. 52, Count 36).

- Infringement on the constitutional right to travel (No. 1008, Count 27; and No. 52, Count 40).

- Deceptive & Misleading Trade Practices (No. 1008, Count 23; and No. 52, Count 39).

- Fraudulent Misrepresentation (No. 1008, Count 24; and No. 52, Count 40).

- Violation of International Law: International Covenant on Civil & Political Rights (No. 1008, Count 28; and No. 52, Count 42).

- Violation of International Law: Convention on International Civil Aviation (No. 1008, Count 29; and No. 52, Count 43).

The above-listing does not even reflect the nearly identical counts in Case Nos. 975 (M.D. Fla.) and 52 (this case).

The similarities between filings in Lucas Wall's two Middle District of Florida cases and the present case, however, extend well beyond the various Counts set out in the Complaints and the legal strategy decided between the filing parties on which to include in their respective documents. In fact, despite factual differences between the circumstances of Mr. Wall and Mr. Andreadakis, large sections of Mr. Andreadakis's Complaint in this case contain language which appears to have been taken verbatim from each of Lucas Wall's two complaints.

Further evidence that Mr. Wall was involved in Mr. Andreadakis's Complaint (Doc. 1), the exhibits to the Complaint (Docs. 9-14), the motions for preliminary injunction (Docs. 10 and 21), and motions to expedite briefing on the motions for preliminary injunction (Docs. 11 and 22) is the fact that extremely and not coincidentally similar pleadings were also filed in the name of two other members of Wall's anti-mask coalition in the Western District of Kentucky and District of Massachusetts cases filed at almost the same:

(1) *Michael Faris v. Centers for Disease Control et al.,* Case No. 3:22-cv-23-BJB (W.D. Ky), Doc. 1 (Complaint); Docs. 2-5 (the Complaint exhibits); Doc. 39 ("Plaintiff's Time-Sensitive MOTION for Preliminary Injunction Against [Airline] Defendants"); Doc. 40 ("Plaintiff's MOTION to Expedite Briefing on Motion for Preliminary Injunction against [Airline] Defendants"); and

(2) *Michael Seklecki v. Centers for Disease Control et al.* Case No. 1:22-cv-10155-PBS (D. Mass.), Doc. 1 (Complaint); Doc. 31 (exhibits to the Complaint); Doc. 15 (Motion for Preliminary Injunction against CDC and HHS); Doc. 16 (Motion to Expedite Hearing on Preliminary Injunction against CDC and HHS); Docs. 17 and 29 (Motion for Preliminary Injunction against Airline Defendants); Docs. 18 and 28 (Motion to Expedite Hearing on Preliminary Injunction against Airline Defendants).

In other words, how can Mr. Andreakis claim that he is the author of pleadings filed in this case when such similar pleadings were filed by *pro se* plaintiffs in the other two cases?

3

2.      **ATTEMPTS BY LUCAS WALL TO REPRESENT OTHER *PRO SE*
PLAINTIFFS OR PROSPECTIVE PLAINTIFFS.**

Review of pleadings filed by Lucas Wall in Case No. 6:21-cv-01008-PGB-DCI in the

Middle District of Florida and Reports and Recommendations by Magistrate Daniel C. Irick in that

case suggest that Mr. Wall, who is not a lawyer, is seeking to represent the interests of prospective

plaintiffs in that case, including the Plaintiff Mr. Andreadakis in this case.

In Case No. 1008, Lucas Wall responded to the defendants' motions to dismiss the

Complaint by filing an Amended Complaint dated September 13, 2021 which purported to add 12

additional plaintiffs; including the Plaintiff in this case, Mr. Andreadakis.  Case No. 1008, Doc. 61.

The Middle District of Florida responded to the Amended Complaint by issuing an Order to Show

Cause why Mr. Wall should be permitted to pursue a class action on behalf of the other putative

plaintiffs.  Doc. 67.  Wall responded, contending: "Mr. Wall functions not as a person practicing

law without a license but as a chosen, capable lead plaintiff to help guide the group through the

challenges of federal litigation against giant corporations with enormous legal and financial

resources."  Doc. 72, at 17.  In promoting his ability to serve as "lead plaintiff," Mr. Wall told the

Middle District of Florida:

> Mr. Wall is not only a frequent traveler – he has been to all 50 states and 133 foreign
> countries – he is also learned in the law despite not having a Juris Doctor.  Mr. Wall
> was first exposed to the law at a young age when he worked in his father's law
> office. As editor of his high-school newspaper, Mr. Wall at age 18 brought a lawsuit
> against the school board under the Virginia Freedom of Information Act – a case
> widely covered by the Virginia press that was eventually decided by the Virginia
> Supreme Court. *Wall v. Fairfax County School Bd.*, 475 S.E.2d 803 (Va. 1996).
> (Doc. 72, at 29)

In its reply [Doc. 67] why the Amended Complaint should be allowed to proceed, the

airlines stated that Mr. Wall's response to the Order to Show Cause "fails to refute the obvious

fact that Mr. Wall is attempting to act as class counsel for himself, the other twelve putative

plaintiffs, and ultimately a purported class of millions, without actually being a licensed attorney."

Case 6:21-cv-01008-PGB-DCI, Doc. 75 (Sept. 30, 2021), at 1.  Defendants added:

> Mr. Wall's response essentially admits that he is attempting as a *pro se* plaintiff to bring a class action, and claims that he is qualified to act as the legal representative for the other putative plaintiffs, despite lacking a law degree or admission to any bar. Specifically, Mr. Wall claims that he is "learned in the law despite not having a Juris Doctor" [Doc. 72, at 29], and that "[t]his Court is intimately familiar with Mr. Wall's legal skills through the instant case and *Wall v. Centers for Disease Control and Prevention*," Case No. 6:21-cv-975-PGB-DCI (ECF 72, at 30). Wall's response recites numerous additional reasons why Wall believes he would be a suitable representative on behalf of the other twelve prospective plaintiffs. (Doc. 75, at 3)

On October 28, 2021, U.S. Magistrate Judge Irick issued a "Report and Recommendation"

which recommended that the Amended Complaint be stricken.  Doc. 86, at 2.  In connection with

Lucas Wall's attempt to be the spokesperson for 12 other individuals who also wanted to join his

case against the airlines, the Magistrate stated:

> But Plaintiff's arguments miss the mark. The law is clear: 28 U.S.C. § 1654 authorizes a person to proceed *pro se* in federal court, but it does not allow a *pro se* litigant to represent others. *See Timson v. Samson*, 518 F.3d 870, 873-74 (11th Cir. 2008) (the right to proceed *pro se* in federal court under § 1654 is "a personal right that does not extend to the representation of the interest of others"); *U.S. ex. rel. Stonstorff v. Blake Medical Center*, 2003 WL 21004734, at *1 (M.D. Fla. Feb. 13, 2003) ("Axiomatically, a lay person is entitled to represent only himself, not any other person or entity") (citing 28 U.S.C. § 1654); *Franklin v. Garden State Life Ins.*, 462 Fed. App'x 928, 930 (11th Cir. 2012) ("Section 1654 authorizes parties in federal cases to 'plead and conduct their own cases personally or by counsel") (citations omitted); *CFTC v. Alista Grp., LLC*, 2020 WL 8617560, at *1 (M.D. Fla. Dec. 28, 2020) ("Under 28 U.S.C. § 1654, a party may appear and conduct their own cases personally. But a lay person cannot represent any other person or entity") (citations omitted).

> This prohibition specifically applies in the context of class actions and extends to Plaintiff's  attempt to act as a class representative without counsel. He may not do so.  (Doc. 86, at 4-5)

The Magistrate concluded:

> Based on the foregoing, the undersigned **RECOMMENDS** that Plaintiff Lucas Wall, who is proceeding *pro se*, cannot represent the interest of others—including neither the 12 named plaintiffs, nor the proposed classes— in this action and, as

such, the Amended Complaint is due to be **STRICKEN** with leave of Court to file an amended pleading to cure the deficiencies within a set time period.  (Doc. 86, at 9)

In objecting to the Report and Recommendation, Mr. Wall characterized himself as the "captain" of "the prosecution" of the airlines: In "Plaintiffs' Objections to Magistrate Judge's Report & Recommendations," Doc. 120 in Case No. 6:21-cv-01008-PGB-DCI (Nov. 12, 2021) at page 7, Mr. Wall stated: "Serving as lead plaintiff means Mr. Wall is the 'captain' of our prosecution.  *See also id.* at pages 6-7 ("[w]e also object to the determination that we may not select a lead plaintiff. We have a constitutional right to determine how we will associate and organize to collectively prosecute our claims, including the decision to select a lead plaintiff to coordinate consultations with defense counsel and electronically file all joint documents on behalf of the group").

In "Plaintiffs' Joint Motion for the District Judge to Ratify our Appointment of a Lead Plaintiff," Doc. 143, Case No. 1008 (Nov. 23, 2021), Mr. Wall asserted that he could be the "Lead Plaintiff" for the other would-be *pro se* plaintiffs, including Mr. Andreadakis.  Wall argued that a "group of *pro se* plaintiffs has the right to determine how it will associate and organize to collectively prosecute its claims." Doc. 143, at 6.  According to Mr. Wall, "All plaintiffs have chosen Mr. Wall as our lead with mature consideration and full, informed consent."  *Id.* at 10. Wall further contended that "[h]ere Mr. Wall functions not as a person practicing law without a license but as a chosen, capable lead plaintiff to help guide the group through the challenges of federal litigation against giant corporations with enormous legal and financial re-sources."  *Id.* at 13.  A person's "guid[ance] of a "group" "through the challenges of federal litigation against giant corporations" sounds a lot like the practice of law.

There is also document metadata evidence from the Middle District of Florida that Mr. Wall is the author of pleadings filed on behalf of other prospective *pro se* plaintiffs in Case No. 1008.  For example:

1)      A putative plaintiff in that case, Leonardo McDonnell, purported to file "Objections to Oct. 26 Order" by Magistrate Daniel C. Irick, Case No. 1008, No. 87 (Oct. 31, 2021).  In response, four of the defendants in that case; Southwest Airlines, Alaska Airlines, Delta Air Lines, and JetBlue Airways filed a response which stated:

> In response to the document titled "Plaintiff Leonardo McDonnell's Objections to Oct. 26 Order" [Doc. 87] ("Objections") filed October 31, 2021 with the Court, Defendants Southwest Airlines Co., Alaska Airlines, Inc., Delta Air Lines, Inc., and JetBlue Airways Corporation (collectively "Defendants"), through undersigned counsel, respectfully note that **not only did Plaintiff Lucas Wall electronically file the Objections on behalf of another party, but according to the metadata in the Objections, Mr. Wall is the "Author" of the Objections.** This can be seen by right clicking the Objections document [Doc. 87] and clicking on "Document Properties," which state:

Document properties

| File name: | 047123639983 |
|---|---|
| File size: | 177 KB |
|  |  |
| Title: | - |
| **Author:** | **Lucas Wall** |
| Subject: | - |
| Keywords: | - |
| Created: | 10/31/21, 7:39:27 PM |
| Modified: | 11/1/21, 1:32:44 PM |
| Application: | Microsoft® Word 2016 |
| PDF producer: | Microsoft® Word 2016; modified using iText® 7.1.6 ©2000-2019 iText Group NV (Administrative Office of the United States Courts; licensed version) |
| PDF version: | 1.5 |
| Page count: | 9 |
| Page size: | 8.50 × 11.00 in (portrait) |
| Fast web view: | No (Bold highlighting added) |

Doc. 88 in Case No. 6:21-cv-01008-PGB-DCI in M.D. Fla. (Nov. 1, 2021) (emphasis added).

2)       Similarly, Document 96 in Case No. 1008 purports to be the filed by Mr. Andreadakis, who is now the Plaintiff in this case:

| 11/09/2021 | 96 | MOTION to Compel Clerk to Correct Docket Entry 87 Plus Other Errors & Omissions filed through CM/ECF portal by Kleanthis Andreadakis. (RLK) Motions referred to Magistrate Judge Daniel C. Irick. Modified on 11/12/2021 (RLK). (Entered: 11/12/2021) |
|---|---|---|

However, if one clicks on Document 96 and checks the metadata by clicking on the three dots in the top right hand corner and clicks on "Document properties" the following metadata is provided:

Document properties

| File name: | 047123682626 |
|---|---|
| File size: | 940 KB |
| Title: | - |
| **Author:** | **Lucas Wall** |
| Subject: | - |
| Keywords: | - |
| Created: | 11/4/21, 2:09:25 AM |
| Modified: | 2/13/22, 4:20:43 PM |
| Application: | Microsoft® Word 2016 |
| PDF producer: | Microsoft® Word 2016; modified using iText® 7.1.6 ©2000-2019 iText Group NV (Administrative Office of the United States Courts; licensed version) |
| PDF version: | 1.7 |
| Page count: | 8 |
| Page size: | Varies |
| Fast web view: | No |

Doc. 96 in Case No. 6:21-cv-01008-PGB-DCI in M.D. Fla. (Nov. 9, 2021) (emphasis added).

3)       Another example from Case No. 1008, Document 120 dated November 12, 2021, is titled OBJECTION to 86 Report and Recommendations filed through CM/ECF portal by Movant Kleanthis Andreadakis. (BD) Modified text on 11/15/2021 (BD). (Entered: 11/15/2021):

| 11/12/2021 | 120 | OBJECTION to 86 Report and Recommendations filed through CM/ECF portal by Movant Kleanthis Andreadakis. (BD) Modified text on 11/15/2021 (BD). (Entered: 11/15/2021) |
|---|---|---|

As before, if one clicks on the three dots at the top right hand column of the document and clicks

on to "Document properties," the metadata reveals that the document's author was Lucas Wall:

Document properties

| File name: | 047123690315 |
|---|---|
| File size: | 150 KB |
| Title: | - |
| **Author:** | **Lucas Wall** |
| Subject: | - |
| Keywords: | - |
| Created: | 11/12/21, 5:14:46 PM |
| Modified: | 2/13/22, 4:01:14 PM |
| Application: | Acrobat PDFMaker 21 for Word |
| PDF producer: | Adobe PDF Library 21.7.131; modified using iText® 7.1.6 ©2000-2019 iText Group NV (Administrative Office of the United States Courts; licensed version) |
| PDF version: | 1.6 |
| Page count: | 9 |
| Page size: | 8.50 × 11.00 in (portrait) |

Doc. No. 120, Case No. 6:21-cv-01008-PGB-DCI in M.D. Fla. (Nov. 12, 2021) (emphasis added).

Not surprisingly, Magistrate Irick, in a subsequent Report and Recommendation in Case

No. 1008, concluded that:

> Plaintiff Wall's Motion to Correct violates the Court's prohibition against filing on behalf of others in this case and the undersigned finds that the filing is an abuse of that privilege. The Court granted Plaintiff Wall's request for CM/ECF privileges provided he did not abuse that privilege (Doc. 12 at 2) and, therefore, the undersigned recommends that revocation is appropriate.

Case No. 6:21-cv-01008-PGB-DCI, Doc. 128 (Nov. 16, 2021), at 5.

The Airline Defendants have checked the metadata of the filings in this case purported to

be on behalf of Mr. Andreadakis and the author line is blank.  However, Mr. Wall started to scrub

the meta-data from the Middle District of Florida filings in Case No. 1008 after the Airline Defendants pointed out that Mr. Wall was listed as the author on pleadings filed purportedly on behalf of other parties, and it can be assumed that Mr. Wall also scrubbed metadata from any involvement he had in preparing pleadings in this case. Also, because Plaintiff here was denied e-filing privileges it can be assumed that the Clerk's Office in this case would have loaded hard copies into the Pacer system, which would not include all of the metadata for the original documents. In addition, even if the metadata for the pleadings in this case does not list the author, it remains the case that the Complaint here is extremely similar to the Complaint that Wall filed in Case No. 1008 (see above), especially considering that the claims against the federal defendants in this case are very similar to the claims against the federal defendants in Case No. 975 in the Middle District of Florida.

Dated:  February 14, 2022                    Respectfully Submitted,

                                             */s/ Joshua W. Cox*
                                             Joshua Cox, VA Bar No. 87424
                                             STINSON LLP
                                             1775 Pennsylvania Ave., N.W., Suite 800
                                             Washington, D.C. 20006
                                             (202) 728-3023
                                             Email: Joshua.cox@stinson.com

                                             M. Roy Goldberg
                                             STINSON LLP
                                             1775 Pennsylvania Ave., N.W., Suite 800
                                             Washington, D.C. 20006
                                             (202) 728-3005
                                             Email: roy.goldberg@stinson.com
                                             Admitted *Pro Hac Vice*

                                             Counsel for American Airlines, Inc., JetBlue
                                             Airways Corp., Southwest Airlines Co. and
                                             United Airlines, Inc.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on this 14th day of February 2022, I electronically filed the foregoing supplemental submission relating to the Airline Defendants' motion to transfer (Docs. 12, 23) through the CM/ECF system, which will send notification to the registered participants as identified on the Notice of Electronic Filing.

*/s/ Joshua Cox*        
Joshua Cox
