# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### RICHMOND DIVISION

**KLEANTHIS N. ANDREADAKIS,**                          :
                                                       :
   Plaintiff,                                          :
                                                       :    Case No. 3:22-cv-52-DJN
v.                                                     :
                                                       :    District Judge David Novak
**CENTERS FOR DISEASE**                                :
**CONTROL & PREVENTION** *et al.*,                     :
                                                       :
Defendants.                                            :

## PLAINTIFF'S REPLY IN SUPPORT OF [10] MOTION FOR
## PRELIMINARY INJUNCTION AGAINST DEFENDANT UNITED AIRLINES

COMES NOW plaintiff, *pro se*, and replies to Defendant United Airlines' opposition (Doc. 50) to my Motion for Preliminary Injunction (Doc. 10). United has offered no reason why a preliminary injunction should not issue against its illegal mask policies. It has actually told the White House mask mandates must be ended. The Court should grant my motion.

### I. STATEMENT OF FACTS

United makes numerous false and/or irrelevant factual allegations that must be rebutted:

1.  "The COVID-19 global pandemic poses one of the greatest threats to the operational viability of the transportation system and the lives of those on it seen in decades." Doc. 50 at 5. In reality, the travel industry – including United through its trade group Airlines for America – just 1½ weeks ago urged the Biden Administration to abolish the Federal Transportation Mask Mandate ("FTMM") and the International Traveler Testing Requirement ("ITTR"), both of which I challenge in this lawsuit. "Airplanes are already equipped with

1

advanced air filtration systems, and airports have made large investments in air filtration, sanitation, and layouts. COVID-19 hospitalization rates have decreased significantly and *the mask mandate should be lifted* to reflect the improved public health environment." Ex. 1 (emphasis added).

2. The fact I completed a flight on United last month with a mask exemption does not moot my motion. Doc. 50 at 1. I have booked another ticket on United Airlines to fly from Richmond, Virginia, to Redding, California, on March 20, 2022, returning March 25, and therefore my need for a preliminary injunction remains. Doc. 55. I also expect to need to fly again in the near future for work, family, and personal reasons.

3. Masks do nothing to mitigate that "Traveling on multi-person conveyances increases a person's risk of getting and spreading COVID-19..." Doc. 50 at 6. Masks are totally ineffective at reducing COVID-19 spread but endanger human health. https://bit.ly/masksarebad. United and other major airlines acknowledge these facts and have been lobbying since last summer to get rid of the mask mandate (and in recent months, also for abolition of the ITTR). "[M]any of these same policies also came with the *devastating* ... consequences of severely limiting and discouraging travel. ... Since the start of the pandemic, the federal government's advisories, policies, and public messaging have focused on discouraging or actively restricting domestic and international travel. It is time for high-level officials within the Administration to publicly encourage travel to and within the U.S. Doing so would send a clear message to U.S. businesses, trading partners, and travelers alike that America is once again open for business." Ex. 1 (emphasis added).

4. President Biden's Executive Order 13998 contains no evidence to support its false allegation "that public-health experts 'have concluded that mask-wearing ... can mitigate the risk

of travelers spreading COVID-19." Doc. 50 at 5. The science shows otherwise. https://
bit.ly/masksarebad. The massive surges of coronavirus cases since the president signed
E.O. 13988 also contradict his statement. And the airlines themselves disagree with the
president that masks mitigate the spread of COVID-19. Ex. 1.

5.  United admits my prior mask waivers were only approved "upon Plaintiff providing a neg-
    ative COVID-19 test result as a condition of the mask exemption." Doc. 50 at 1. It fails to
    note that requiring a virus test from a disabled passenger but none from nondisabled pas-
    sengers violates the law. "As a carrier, you must not subject passengers with a disability to
    restrictions that do not apply to other passengers, except as otherwise permitted in this
    part..." 14 CFR § 382.33(a). United also fails to note how my exemptions were contingent
    upon numerous other illegal provisions or that it could still refuse me transportation in its
    sole discretion if it determined I pose a risk to others on the flight.

6.  I do not seek to "ban United ... from enforcing the FTMM." Doc. 50 at 2. I seek to ban
    United from enforcing any mask mandate, period.

7.  Peter Menage's Motion for Preliminary Injunction Against Defendant Alaska Airlines in
    another case has not been denied. *Id.* at 4-5. Mr. Menage's motion remains pending in the
    Middle District of Florida.

8.  I do not "claim[] to be a resident of Henrico [County], Virginia." *Id.* at 9. I am a resident
    of Henrico County, Virginia. The fact that I am a professionally licensed Florida private
    investigator able to perform work in states, such as Virginia, with reciprocal privileges (as
    promulgated under Florida law) does not mean I live in Florida.

9.  I did not voluntarily file "to be dismissed from Case No. 1008 after the Airline Defendants
    sought to transfer this case to the Middle District of Florida." *Id.* at 10. I dismissed my

claims against several airlines – NOT including United, which is not a party to #1008 in M.D. Fla – because I filed this action. It had nothing to do with any transfer motion.

10. Lucas Wall is not a party to this action. The Court should disregard United's commentary about Mr. Wall's cases in the Middle District of Florida, which do not involve United. *Id.* at 10-12.

11. United irrelevantly contends that "this Court should deny this new effort by the Wall anti-mask coalition to obtain a preliminary injunction against the Federal Transportation Mask Mandate." *Id.* at 29. Americans Against Mask Mandates nor Mr. Wall are parties to this lawsuit, and the instant motion does not deal with enjoining the FTMM. I ask the Court to enjoin United Airlines from requiring that passengers wear masks. Doc. 10.

## II. ARGUMENT

**A. United's mask policies violate numerous statutes and regulations. Guidance and mandates issued by federal agencies without legal authority do not override laws passed by Congress and regulations properly promulgated.**

United falsely argues that it is "complying with the FTMM in a manner that is lawful and consistent with regulations, policies, and guidance from the Centers for Disease Control & Prevention ('CDC'), the Department of Health & Human Services ('HHS'), the Transportation Security Administration ('TSA'), and" the Department of Transportation ("DOT"). Doc. 50 at 2. This could not be any farther from the truth. The Complaint lists numerous laws and regulations United's mask policies violate. Doc. 1. And as argued in the Complaint and my Motion for Preliminary Injunction Against Defendants CDC and HHS (Doc. 21), since the FTMM is unlawful, United can't rely on it to require masking. And it certainly can't rely, as is tries, on DOT "guidance" informing airlines they are free to break the law without consequence.

4

Thankfully the Court need not depend on just my word to evaluate all the illegalities of United's mask procedures because the airline published them all itself. Doc. 50 at 3-4. "United has implemented a multi-step approach for customers who have a disability or medical condition that prevent them from being able to wear a face mask." *Id*. at 3. These unlawful edicts include:

- Purchasing a ticket prior to requesting an exemption. *Id*. at 3. But an airline may not require advance notice that a disabled passenger is traveling on a flight. 14 CFR § 382.25. And a disabled customer can't be expected to take on the risk of buying a nonrefundable fare (the cheapest) with no guarantee United will grant a mask exemption, and then honor it even if granted. Nondisabled customers don't face this dilemma. *See* 14 CFR § 382.33(a).

- Having a medical provider complete a form regarding the disability or medical condition. Doc. 50 at 3. But United may not require a medical certificate except in extremely limited circumstances, none of which apply to face masks. 14 CFR § 382.23(a).

- Requesting a mask exemption a minimum of seven days prior to scheduled departure or if a ticket is purchased closer to departure, as soon as possible with "no guarantee that a customer's exemption will be granted in time." Doc. 50 at 3. *But see* 14 CFR § 382.25.

- Submitting proof of a negative COVID-19 test result taken within 72 hours of each scheduled departure. Doc. 50 at 3. But this requirement doesn't apply to nondisabled passengers. *See* 14 CFR § 382.33(a).

- Being subjected to having our seat changed. Doc. 50 at 3. But this is expressly prohibited. 14 CFR § 382.87(a). And nondisabled customers aren't forced to switch seats. 14 CFR § 382.33(a).

- Possibly having our flights changed "to allow for greater social distancing from other customers on board…" Doc. 50 at 3. But nondisabled customers aren't subject to having their

flights changed, possibly to another day. 14 CFR § 382.33(a). Arriving a day or two late would mean I'd miss part of my professional development seminars or other time-critical events. Just because United hasn't changed my flight yet doesn't mean it won't do it in the future if not enjoined.

- "This exemption process is applicable only to flights in a single reservation, and any exemption for future travel in separate reservations will need to be applied for anew under this process." Doc. 50 at 4. But my disability doesn't change, so why do I need to reapply every time I fly?

Despite the numerous glaring illegalities of United's mask policies the airline laid out for the Court, it attempts to justify its lawbreaking by citing DOT's Feb. 5, 2021, Notice of Enforcement Policy. *Id.* at 3, FN 1. But as I've argued extensively, DOT's notice contains numerous provisions that violate statutes and its own regulations. As United admits, this is only "guidance," not a law, not a regulation, not a mandate, not an order. It's not binding in any manner.

United cites DOT's notice that an airline may "impose reasonable conditions, restrictions, or requirements on a passenger who has a 'medical condition' that may cause the passengers to pose a risk to the health and safety of others." *Id.* at 3, FN 1. But nowhere does United argue that my medical condition (Tourette Syndrome) poses a risk to the health and safety of others. Nor does United cite the DOT regulation that an airline "may ... require a medical certificate for a passenger if he or she *has* a communicable disease or condition that could pose a direct threat to the health or safety of others on the flight." 14 CFR § 382.23(c)(1) (emphasis added). This requirement does not include *speculation* that a person *might* have a communicable disease such as COVID-19; evidence is required that the passenger *has* a communicable disease, i.e. has tested positive for the coronavirus. Tourette Syndrome is not a communicable disease.

United does a good job of summarizing the DOT Notice of Enforcement Policy, but fails to mention how many items in it violate the law. United claims the notice "provides specific and extensive *guidance* on how airlines are to implement the FTMM in a manner that *complies with DOT requirements*." Doc. 50 at 7 (emphasis added). United admits the DOT guidance is not binding. And it lies when it states DOT's notice complies with the department's own regulations. One only need a basic reading level, not a law degree, to comprehend this.

> "[T]he CDC Order permits operators of transportation conveyances, such as airlines, to impose requirements, or conditions for carriage, on persons requesting an exemption, including <u>requiring a person seeking an exemption to request accommodation in advance, submit to medical consultation by a third party, provide medical documentation by a licensed medical provider,</u> and/or provide other information as determined by the operator. The CDC Order also permits operators to require protective measures, <u>such as a negative result from a SARS-CoV-2 viral test or documentation of recovery from COVID-19 or seating or otherwise situating the individual in a less crowded section of the conveyance</u>…" *Id*. at 7 (quoting DOT notice) (emphasis added to note illegal provisions).

United's attorneys are surely aware, but fail to advise the Court, that much of the DOT notice "permits" airlines to violate the law. But no agency can issue "guidance" waiving compliance with statutes or even its own regulations codified in the Code of Federal Regulations. If a department wants to modify its regulations consistent with its authority established by Congress, it must follow the Administrative Procedure Act including Notice of Proposed Rulemaking, public comment, response to comments, Notice of Final Rulemaking, and amendments published to the CFR.

Advance notice is prohibited by 14 CFR § 382.25, third-party medical consultations are prohibited by 14 CFR § 382.23(d), a medical certificate is prohibited by 14 CFR § 382.23(a), virus testing is prohibited by 14 CFR § 382.33(a) since it doesn't apply to nondisabled passengers, and seat changes are prohibited by 14 CFR § 382.87(a). United is aware of this, but ignores the law, instead preferring to rely on DOT "guidance" supposedly giving it a free pass to violate the law at will.

United goes on to quote DOT's incredibly erroneous guidance regarding its own regulations that "both the CDC Order and Part 382 permits airlines to require passengers to consult with the airline's medical expert and/or to provide medical evaluation documentation from the passenger's doctor…" Doc. 50 at 9. *But see* 14 CFR §§ 382.23(a) & (d), which in no uncertain terms *prohibit* an airline from requiring medical consultations and certificates. United cites DOT's notice that "Airlines may also require such passengers to check in early and to agree to undergo the required individualized assessment a reasonable period in advance of the scheduled flight…" *But see* 14 CFR §§ 382.23(d) & 25. And United wants the Court to believe that a DOT notice gives it authority to arrange "for the passengers to sit in a less crowded section of the plane, to take a flight at times when airports are less crowded, and/or scheduling the passengers on a less crowded flight." Doc. 50 at 9. *But see* 14 CFR § 382.33(a) & 87(a).

**B. The fact I took a United flight maskless last month does not moot my Motion for Preliminary Injunction.**

United falsely asserts "there is clearly no case or controversy here… Plaintiff does not need a preliminary injunction to take his flight. Rather, all Mr. Andreadakis needs to do is to continue to follow United's mask-exemption process." Doc. 50 at 2-3. But, as described above, United's process for obtaining a medical waiver is illegal and even when granted an exemption, there is no guarantee United will truly honor it. If, and only if, United approves my medical waiver permanently and removed all of these illegal conditions would there be no need for a preliminary injunction.

That I've completed two prior United trips without wearing a mask doesn't mean I'll be able to do so later this month or on future flights. Despite already being mask exempted twice, United

continues to subject me to numerous illegal requirements as part of a "conditional" mask exemp-
tion. *See* Doc. 50-1 at 1, Declaration of Tongae Hardin, admitting United only grants a "conditional
exemption from the requirement that passengers wear a facemask on board United and United
Express aircraft…"

In addition to those discussed above, United's mask policies include that "you pre-board the
aircraft and get comfortably situated before other passengers begin to board. In addition, upon
arrival, please do not depart the plane until all other passengers have done so." Ex. 2. An e-mail I
received from United made clear that even though I was tentatively approved to travel maskless, I
would have to submit a negative COVID-19 test for *each segment* of my trip regardless of whether
or not rapid testing is available. Ex. 3.[1] Furthermore, "United reserves the right to refuse to
transport you if United determines, in accordance with 14 CFR 382, that you pose a direct threat
to the health or safety of others in connection with your flight or violate United's Contract of
Carriage." Ex. 4. "This passenger should not sit in an aisle seat." Ex. 3. "When using the onboard
lavatory, this passenger should be accompanied to and from the galley and lavatory with a respon-
sible family member who will limit direct contact to other passengers and crew members and take
appropriate precautions to limit exposure to surfaces." *Id*. But I travel alone. Receiving a condi-
tional mask exemption from United in no way guarantees that I will actually be able to travel.

While I was able to complete last month's trip maskless, there's no assurance I will be able to
complete this month's trip. I have to submit a mask-exemption application to United *every single
time I book a ticket*, even when previously granted. This is arbitrary and capricious, never knowing

---

[1] United offers no argument or evidence that any COVID-19 rapid test is approved by the Food & Drug
Administration. Notably the tests I used on last month's California trip to comply with United's unlawful
testing mandate are clearly marked as being allowed by FDA only under an Emergency Use Authorization.
Ex. 4. "This product has not been FDA cleared or approved…" *Id*. This violates my right to refuse admin-
istration of any medical product issued an EUA. 21 USC § 360bbb-3(e)(1)(A).

before buying a ticket if an exemption will be granted. My medical condition doesn't change trip by trip, so why would my waiver status? I might be deemed by United to "pose a direct threat" and be denied boarding at the gate. United's arguments address none of this.

**C. I have a private right of action to sue United for discrimination under the Air Carrier Access Act, either directly or through the Rehabilitation Act, the conspiracy-to-interfere-with-civil-rights statutes, and/or state anti-discrimination laws.**

United argues that my "claim cannot succeed because there is no private right of action to sue airlines for violation of the ACAA." Doc. 50 at 13. The airline cites a whole bunch of cases, but notably none are from the Supreme Court or the Fourth Circuit, the only courts that may bind this tribunal. And none address the unique argument I present: that Congress intends for there to be a private right of action when the executive department tasked with administratively enforcing a statute to protect civil rights does the opposite by issuing guidance to airlines that they may disobey the law. This is an issue of first impression nationwide, as never before has DOT told the companies it regulates that they have a golden ticket to break the law.

United admits the ACAA is "designed to vindicate fully the rights of disabled persons." Doc. 50 at 15. When Congress passed the Air Carrier Access Act, Supreme Court precedent for decades was that courts could infer a private right of action and Congress need not specifically state it. All the cases United cites to oppose a private of action under the ACAA were decided well after the ACAA was enacted back in 1986. The Court must consider the law at the time Congress acted, not changes the Supreme Court determined regarding private rights of action some 15 years later. Congress did not place any "affirmative intent" (Id. at 15) in the ACAA establishing a right to sue in district court because that was implied at the time of enactment. No one could argue with a straight face that when DOT tells airlines they may break the law, that fully vindicates the rights of disabled passengers Congress deemed necessary of legal protection.

10

DOT can't declare that it "is the exclusive authority charged with enforcement of the ACAA regulations, including the mask mandate." *Id.* at 16. Notably there is no regulation requiring that any airline passenger don a face covering, and the evidence is indisputable that DOT has ignored its statutory duty to protect disabled passengers from discrimination. A private right of action under the ACAA would in no way "undermine and elaborate and comprehensive enforcement scheme created by Congress..." *Id.* at 16. Since this "scheme" depends on DOT doing its job to protect the disabled, and DOT has undoubtedly shirked that legal responsibility, all that remains for an aggrieved disabled traveler is to sue in district court. Congress passes civil-rights laws to protect minorities from discrimination. A law without a viable remedy is no law at all, but would only be akin to a nonbinding resolution expressing the sense of Congress. But resolutions aren't codified in the U.S. Code. Laws such as the ACAA are.

My motion does not "challenge[] United's compliance with and implementation of the DOT Enforcement Notice..." *Id.* at 16. My motion challenges United's discriminatory and unlawful mask policies. United cites no statutory language prohibiting private enforcement of the ACAA (because there is none). United has not "acted lawfully in following this guidance" and absolutely must be "subject to collateral attacks by Plaintiff for having done so" since the airline knows the DOT guidance violates the actual laws. *Id.* at 16.

United cites no authority to sustain its contention that "a statute that lacks a private right of action may not be granted one merely based on an allegation that the federal agency charged with implementing that statute does not enforce the law..." *Id.* at 16-17. This is likely because the federal courts have probably never encountered a situation such as this one where an executive department issues "guidance" to entities it regulates that they will suffer no consequences if they

break the law – and the agency actually informs companies that its regulations state X when in fact they clearly state Y.

United fails to rebut my contention that the ACAA may be enforced via the federal conspiracy-to-interfere-with-civil rights statutes, so that point should be deemed conceded. *See* 42 USC §§ 1985 & 1986. There's likewise no caselaw on this point because never before has the entire airline industry engaged in a massive conspiracy to deprive disabled passengers of our civil rights.

United wrongly asserts that the ACAA can't be enforced via the Rehabilitation Act. It cites to only one out-of-circuit case dealing with this issue, *Shotz v. American Airlines*. But the 11th Circuit held in *Shotz* that government money given to airlines after the Sept. 11, 2001, terrorist attacks was to *compensate* the airlines for damages, not to *subsidize* the carriers' operations. Whereas pandemic funding appropriated by Congress numerous times during the past two years was designed specifically to *subsidize* the airlines by way of federal financial assistance to provide continued air service and reduce the number of airline workers thrown onto the unemployment rolls. Notably every pandemic funding contract, both subsidies and loans, signed by airlines includes language that the carriers must comply with all federal anti-discrimination laws including the Rehabilitation Act. Here Congress specifically intended for the disabled to enforce the RA via private lawsuits. It did not, as United absurdly contends, intend "for parties to avoid all of the DOT regulations under the ACAA in 14 CFR Part 382..." Doc. 50 at 18. To obtain government subsidies and loans during the current pandemic, airlines had to specifically *agree* to obey all anti-discrimination laws and regulations. Otherwise they were free to decline the money and loans.

United offers no evidence "that money is no longer being paid to airlines..." *Id.* at 18. It has not provided proof, for example, that United has spent all of its subsidy money or repaid all of its government pandemic loans.

12

United's mask-exemption policy does not "work" as evidenced by all of its illegal procedures discussed in detail *supra*. *Id.* at 19.

**D. DOT not only hasn't rejected my challenges to how airlines enforce mask mandates, it concluded two airlines broke the law in refusing mask exemptions.**

United outright lies when it claims "DOT has Rejected Plaintiff's Challenges to How Airlines Enforce the FTMM." *Id.* at 19. In fact, DOT determined that JetBlue and Southwest broke the law in refusing to consider my demands for mask exceptions. Ex. 5. United is correct, however, when stating DOT "has detailed regulations against unlawful discrimination under 14 CFR Part 382." It then makes an impossible-to-understand argument that "Plaintiff cannot avoid all of these regulations to try to enjoin United or other airlines from continuing to follow these provisions." Doc. 50 at 19. This lawsuit and this motion seeks to enjoin United from disobeying numerous laws and regulations. I'm not avoiding these regulations at all, that's correct – I'm trying to get the Court to force United to follow them since DOT has given the airline industry guidance that it may disregard the law.

**E. My claims under the California Unruh Civil Rights Act are likely to succeed.**

United wrongly argues that my claims under California's anti-discrimination laws are unlikely to succeed because they are pre-empted by various federal laws and that a non-California resident has no ability to invoke the law for discrimination that occurs inside the state's borders. *Id.* at 19-23. None of these arguments have any merit. The Ninth Circuit, although not binding on this Court, includes California and its interpretations of how the Golden State's laws coexist with federal requirements are due deference. In my motion (Doc. 10), I quoted numerous Ninth Circuit rulings holding that the Unruh Civil Rights Act is not pre-empted by any of the federal laws United cites.

Some of these cases have involved liability against United itself. As the Ninth Circuit has explained, state anti-discrimination laws that adopt federal regulations as state standards in no way offend federal law, they support it. It is no way an "outlier" on applying ACAA regulations to the Unruh Act since no other cases cited by United involves that California statute. The District of Nevada and District of Montana decisions cited by United (Doc. 50 at 21) go against clear *en banc* Ninth Circuit precedent and will certainly be overturned on appeal. Notably these two cases involve tort claims of infliction of emotional distress, not violation of an anti-discrimination statute such as the Unruh Act.

My last trip involved a flight out of Redding, California, in which United discriminated against me by, *inter alia*, making me take a COVID-19 test in California to board that airplane in California. That clearly gives me standing to obtain an injunction against United under California law for any future flights to/from that state (although the Court need not even reach this issue because federal law is so clear that United's mask policies are prohibited in so many ways).

United continues to distort the truth. The Federal Aviation Administration has not issued any aircraft passenger safety regulations related to masking (*Id.* at 21), therefore there can be no pre-emption of California law under the Federal Aviation Act. And the Unruh Act doesn't regulate airline safety; it requires nondiscrimination. The Unruh Act doesn't conflict at all with federal nondiscrimination laws and regulations; it simply adopts those same policies as the standards airlines operating in California must abide by. Wearing masks aboard a plane has nothing to do with aircraft safety (*Id.* at 22), which is why FAA in 2020 rejected a petition to require masks under its safety authority – a point United conveniently fails to mention.

As United itself argued to the White House only 10 days ago as part of a large coalition of travel and business organizations, there is no "threat posed by COVID-19 to the security and safety

of the transportation system" that requires masking. *Id.* at 22 *but see* Ex. 1:

> "By March 18, repeal the Federal mask mandate for public transportation or provide a clear roadmap to remove the mask mandate within 90 days. ... Airplanes are already equipped with advanced air filtration systems, and airports have made large investments in air filtration, sanitation, and layouts. COVID-19 hospitalization rates have decreased significantly and the mask mandate should be lifted to reflect the improved public health environment." (emphasis added).

### F. United may not enforce unlawful provisions in its Contract of Carriage.

United argues that I haven't identified specific contractual language that United is violating. *Au contraire.* Doc. 1 at ¶¶ 789 & 793-804.

### G. United is practicing medicine without a license.

United falsely claims that it is "complying with the Federal Transportation Mask Mandate (which expressly allows for a negative COVID-19 test) and should not be sued or enjoined for complying with federal law regarding the wear of masks." Doc. 50 at 25. First, let's be clear: there is no federal law requiring that anyone wear a mask, and Congress has never in the history of our nation enacted a mask law in any situation for any reason. There is no law that allows United to require COVID-19 testing of disabled passengers but not nondisabled passengers, and CDC's testing requirement applies only to passengers on flights from a foreign country to the United States.

Notably United does not dispute my argument that "the Food, Drug, & Cosmetic Act ('FDCA') doesn't allow any company to require use of Food & Drug Administration ('FDA') unauthorized or Emergency Use Authorization ("EUA") medical devices." Doc. 10 at 16. United likewise does not rebut my contention that "United even provides illegal and/or EUA masks to its passengers, introducing them into interstate commerce, without informing us use of the device is optional and we must give informed consent." *Id.* at 16. Such activities clearly constitute practicing of medicine without a license. Doctors prescribe medical devices, not air carriers (or the government.)

**H. United is committing fraudulent misrepresentation.**

United tries to argue that its fraudulent misrepresentation of the law and of the efficacy of face masks is pre-empted by the Airline Deregulation Act, but cites Supreme Court precedent that airlines do not have "*carte blanche* to lie and deceive consumers; the DOT retains the power to prohibit unfair and deceptive airline practices" such as falsely telling customers there's a nonexistent law mandating maskwearing that Congress has never enacted into the U.S. Code (nor any agency has ever promulgated into the Code of Federal Regulations) or failing to advise customers of our statutory right to refuse administration of a medical device issued an Emergency Use Authorization by FDA. *Id.* at 25. This fraud by United is not related to "marketing mechanisms appropriate to the furnishing of air transportation services…" *Id.* at 26.

DOT has prohibited unfair and deceptive airline practices, which I cite in my Complaint. Doc. 1 at ¶¶ 842-844. And United has a statutory duty not to deceive and mislead its customers. 49 USC § 41712.

**I. I will be irreparably harmed if my Motion for PI is denied.**

United wrongly contends that because I was able to travel mask-free (but with numerous illegal conditions) in November 2021 and February 2022, that I can't establish the requisite irreparable harm requirements. Doc. 50 at 26. Not so. I've discussed at length above the numerous reasons why an injunction is still needed to bring United into compliance with the law for my future flights.

United somehow alleges that my harm is "self-inflicted," which is truly perplexing. *Id.* at 27. Likewise it states that "Speculative injury is not sufficient." *Id.* at 27. But it's not speculation that a passenger with an airline mask exemption could still be refused transportation. It happens all the time. For example, the plaintiff in another mask case was refused travel last month for him and his 4-year-old autistic son to a critical medical appointment even though American Airlines had

16

granted him in writing, at the instruction of a federal judge, a medical waiver. American never entered the exemption into its computer system and agents at Miami airport refused to even look at their own company's exemption letter. As Michael Seklecki so excellently put it:

> "This incident illustrates as clear as [a] bright, sunny day why this Court must enjoin the Federal Transportation Mask Mandate ('FTMM') and the airlines' mask policies worldwide. Even after two court hearings and receiving a letter from the airline's manager of legal affairs, we were still refused transportation simply because my son has a disability that makes it intolerable for him to cover his face. ... The mandates must be enjoined worldwide for everyone so there is no confusion ... There could not be any more crystal clear evidence for the Court to understand that only a worldwide injunction would put a stop to this illicit behavior. An injunction issued only to my son and me would no doubt result in continued refusals to board as agents at various airport would say 'there's no such thing as an injunction against the mask mandate; I haven't heard anything about that.' But if it's universal, the airlines and the government will have to get the word out to all airline and Transportation Security Administration employees. The news will cover it, and every person working at an airport will know it's for real." Doc. 74, *Seklecki v. CDC*, No. 1:22-cv-10155 (D. Mass).

United cites a TRO decision by a federal judge in Orlando, Florida, denying relief to a disabled man (Peter Menage) banned from Alaska Airlines because he removed his mask to eat breakfast. The Court wrongly concluded that "Menage has failed to establish that the possibility of losing [his] job is nothing more than speculation based on his ability to find suitable transportation to and from the job site." Doc. 50 at 28. But a month later, Menage was fired from his job when Alaska refused to honor his company-purchased ticket to fly from Anchorage to Deadhorse to report for work Jan. 13. His motion for a preliminary injunction remains pending two months after Alaska's illegal action forced him into unemployment.

**J. Courts of Appeals denying motions to stay TSA's enforcement of the FTMM has no bearing on the questions at bar.**

United makes much ado about the fact the Fourth Circuit and a few other courts denied emergency motions to stay TSA's enforcement of the FTMM. Doc. 50 at 28. Those rulings have no

bearing on this case because only TSA's Health Directives and Emergency Amendment are challenged in those lawsuits, not United's mask policies. Neither United nor any other airline is a party to any of the six active cases before the D.C. Circuit challenging TSA's orders requiring masks. This makes those cases materially distinguishable from this one.

**K. The travel industry, including United, agree with me that United would benefit from a preliminary injunction.**

United tells this Court one thing but the White House another. "The harm to persons onboard flights that are exposed to a flight full of maskless passengers outweighs the claimed harm to Plaintiff ... Plaintiff's assertion that United would benefit from the injunction he seeks is simply wrong." Doc. 50 at 29. But only four days later, United and many others in the travel and business communities urged the president to abolish the FTMM and told his administration that there would be *no harm* to people aboard flights if passengers don't wear masks. Ending the mask mandate would *enrich* airlines and others in the travel industry, according to United. Ex. 1.

The Court should be astounded by the irony of United arguing against my preliminary injunction to stop its mask enforcement, especially against the disabled, when the major trade association it belongs to asked the White House 10 days ago to abolish the FTMM. United also lobbied the Biden Administration *last summer* to repeal the FTMM, yet has continued to unlawfully demand numerous illegal requirements for the disabled to obtain mask exemptions in the many months since then. United's words do not match its actions, and thus the Court must issue a preliminary injunction.

United argues to this Court that its vigorous mask enforcement regime is necessary and it would be harmed by an injunction. But United and many other big companies told President Biden

in writing that "we respectfully urge the Administration to chart a clear course for replacing pandemic-era travel advisories, requirements and restrictions with endemic-focused policies of a 'new normal' that enable travel to resume fully, freely and safely." Ex. 1.

It's not my "speculation that airline passenger traffic would increase absent a mask requirement." Doc. 50 at 29. United itself said this in the Feb. 25 letter. Ex. 1. United notes the "devastating" consequences of the mask mandate, including that "Business travel spending was approximately 50% below 2019 levels; and International travel spending was down a staggering 78% compared to 2019." *Id.* Yet the airline then tells this Court the complete opposite, that it would be harmed if enjoined from forcing passengers to muzzle themselves.

Which is it? It appears the government-affairs staff and the legal departments of United do not speak to each other. The left hand does not know what the right hand is doing. The Court must not allow this hypocrisy.

**L. The travel industry, including United, agree with me that the public interest requires doing away with mask mandates.**

We again have the incredibly bizarre statement in United's opposition brief that "The public interest favors denial of the motion for preliminary injunction because the public interest is served" by requiring masks. Doc. 50 at 29. But only four days later, United and all other major airlines told the White House that "we encourage the Administration to immediately remove travel requirements that no longer fit with the current environment and to set clear timelines and metrics for when others will be lifted," including the mask mandate. Ex. 1. Why is United telling the judiciary one thing but the Executive Branch another? It's incomprehensible.

Finally, United contends that it's not in the public interest to enjoin its mask requirements because courts should not order regulated companies to act "contrary to the regulatory scheme."

Doc. 50 at 29. But I ask the Court to issue a preliminary injunction precisely because United is violating numerous federal laws and DOT regulations. An injunction would bring United into compliance with the "regulatory scheme," not the opposite.

### III. CONCLUSION

None of the United's arguments save its mask policies from being enjoined. Importantly the Court must take notice of the airline's recent statements to the Executive Branch urging abolition of all mask mandates and testing requirements, which clearly contradict all the arguments United makes to the Court for why its policies are lawful and in the public interest. United admits it would actually be enriched by an injunction, not harmed, because lifting of COVID-19 restrictions would stimulate demand for travel. Ex. 1.

WHEREFORE, I request this Court grant my Motion for Preliminary Injunction Against Defendant United Airlines. Doc. 10.


Respectfully submitted this 7th day of March  2022.


_____

Kleanthis N. Andreadakis, plaintiff
5108 Hunters Meadow Pl.
Henrico, VA 23231
Telephone: 804-988-1402
E-Mail: mrradioactive@protonmail.com

**LOCAL CIV.R. 83.1(M) CERTIFICATION**
I declare under penalty of perjury that no attorney has prepared or assisted in the preparation of this reply brief.

Executed on March 7, 2022.

_____
Kleanthis N. Andreadakis, plaintiff


**CERTIFICATE OF SERVICE**
I hereby certify that on March 7, I deposited this reply brief and the exhibit attached hereto in the U.S. Mail, postage pre-paid, for mailing to the Court. Once the clerk's office enters them on the docket, the Court's CM/ECF system will automatically send a Notice of Electronic Filing to all defense counsel.

_____
Kleanthis N. Andreadakis, plaintiff