# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| KLEANTHIS N. ANDREADAKIS, | CIVIL DIVISION |
| Plaintiff, | Civil Action No. 3:22-CV-052 |
| v. | **BRIEF IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FEDERAL RULES 12(B)(2) AND 12(B)(6)** |
| CENTERS FOR DISEASE CONTROL & PREVENTION, DEPARTMENT OF HEALTH & HUMAN SERVICES, AMERICAN AIRLINES, JETBLUE AIRWAYS, SOUTHWEST AIRLINES, UNITED AIRLINES, NUMEROUS YET-TO-BE-NAMED EMPLOYEES OF THE 4 AIRLINES, AND STAT-MD | Filed on behalf of Defendant: Center for Emergency Medicine of Western Pennsylvania d/b/a STAT-MD |
| Defendants. | Counsel of record for this party: Douglas M. Grimsley, Esquire VA I.D. #70099 |
| | Jeffrey J. Wetzel, Esquire (pro hac vice) Steven L. Ettinger, Esquire (pro hac vice) |
| | Dickie, McCamey & Chilcote, P.C. Firm #067 Two PPG Place, Suite 400 Pittsburgh, PA 15222-5402 |
| | (412) 281-7272 |
| | **JURY TRIAL DEMANDED** |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA

KLEANTHIS N. ANDREADAKIS,

    Plaintiff,

        v.

CENTERS FOR DISEASE CONTROL & PREVENTION, DEPARTMENT OF HEALTH & HUMAN SERVICES, AMERICAN AIRLINES, JETBLUE AIRWAYS, SOUTHWEST AIRLINES, UNITED AIRLINES, NUMEROUS YET-TO-BE-NAMED EMPLOYEES OF THE 4 AIRLINES, AND STAT-MD,

    Defendants.

Civil Action No. 3:22-CV-052

Judge David J. Novak

**Electronically Filed**

## BRIEF IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FEDERAL RULES 12(B)(2) AND 12(B)(6)

AND NOW, comes one of the defendants, Center for Emergency Medicine of Western Pennsylvania, Inc., d/b/a STAT-MD, by and through its attorneys, Dickie, McCamey & Chilcote, P.C., Jeffrey J. Wetzel, Esquire, Steven L. Ettinger, and Douglas M. Grimsley, Esquire, and files the within Brief in Support of Motion to Dismiss Plaintiff's Complaint Pursuant to Federal Rules 12(b)(2) and 12(b)(6)[1]:

---

[1] Pursuant to the requirements of Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) and Rule 7(k) of the Local Rules of the U.S. District Court for the Eastern District of Virginia, Plaintiff is hereby notified:

    (1)    The pro se party is entitled to file a response opposing the motion and that any such response must be filed within twenty-one (21) days of the date on which the dispositive or partially dispositive motion is filed; and
    (2)    The Court could dismiss the action on the basis of the moving party's papers if the pro se party does not file a response; and
    (3)    The pro se party must identify all facts stated by the moving party with which the pro se party disagrees and must set forth the pro se party's version of the facts by offering affidavits (written statements signed before a notary public and under oath) or by filing sworn statements (bearing a certificate that it is signed under penalty of perjury); and

In response to the COVID-19 pandemic, the Department of Health and Human Services (HHS) and Centers for Disease Control and Prevention (CDC) promulgated several rules and regulations to prevent the spread of the disease. Among those rules are two temporary orders requiring (1) individuals to each wear a mask when traveling on public transportation; and (2) international air travelers to provide proof of a negative COVID-19 test. The masking order contains an exception for travelers with medical conditions that render them incapable of covering their faces. Plaintiff contends that he has such a condition.

Center for Emergency Medicine of Western Pennsylvania, Inc., d/b/a STAT-MD, works with various airlines to consult on whether a traveler's medical condition warrants an exemption to the masking order. Plaintiff alleges that STAT-MD denied his request for a medical exemption to travel without a mask. That is the full extent of STAT-MD's involvement in the instant action. Although the Complaint spans 156 pages comprising nearly 900 paragraphs, only a handful of allegations even mention STAT-MD. Nevertheless, based on these bare allegations, Plaintiff asserts a claim of medical malpractice and a claim of conspiracy to interfere with civil rights against STAT-MD. Plaintiff's claims against STAT-MD are without personal jurisdiction, are inadequately pled, and are without merit. Therefore, STAT-MD should be dismissed from this litigation.

## I.      STATEMENT OF FACTS

Plaintiff's claims derive from a challenge to the Federal Transportation Mask Mandate (FTMM) and International Traveler Testing Requirement (ITTR) — two rules promulgated solely by the federal government. As set forth in Plaintiff's Complaint, the FTMM directs airlines operating within the United States to require its passengers to wear a mask while aboard an airplane to prevent the spread of the COVID-19 virus. The FTMM contains an exception for any "person with a disability

---

(4)   The pro se party is also entitled to file a legal brief in opposition to the one filed by the moving party.

who cannot wear a mask, or cannot safely wear a mask, because of the disability as defined by the Americans with Disabilities Act." ECF Doc. 1 at ¶ 61. In order to determine which passengers can and cannot safely wear a mask, certain airlines consulted with STAT-MD to evaluate "mask-exemption demands." Id. at § I. According to the Complaint, STAT-MD provides "Airline Consultation Services" including In-flight emergency consultation as well as fitness-to-fly ground screening. Id. at § II. As part of its services, STAT-MD reviews mask-exemption demands submitted by airline clients "without ever talking to the passenger." Id. at ¶ 884.

Plaintiff is a Virginia resident who claims to be medically disabled by his Tourette Syndrome. Id. at ¶ 1. Plaintiff alleges that he submitted an application for an exemption to the FTMM to Defendant Southwest Airlines. Id. at ¶ 19. Following submission, Southwest denied his request for an exemption, stating: "Based on guidance from our third-party medical provider [STAT-MD], we regret to inform you that you do not qualify for an exemption and will be required to wear a mask during your upcoming travel." Id. at ¶ 20.

Based on STAT-MD's alleged conclusion that Plaintiff's medical condition did not prevent him from wearing a mask, Plaintiff asserts a claim for medical malpractice (Count 44) and a claim for conspiracy to interfere with civil rights (Count 19). Neither of these claims has merit.

## II. STANDARD OF REVIEW

To survive a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the pleadings must contain sufficient factual information to state a claim that is "plausible on its face" and "raises a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "In considering a motion to dismiss, the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." CTI/DC, Inc. v. Selective Ins. Co. of America, 392 F.3d 114, 118 (4th Cir. 2004). But

3

the court is not obligated to accept a plaintiff's legal conclusions. Randall v. United States, 30 F.3d 518, 522 (4th Cir. 1994). Similarly, the court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Eastern Shore Markets, Inc. v. J.D. Assocs. Ltd., P'ship, 213 F.3d 175, 180 (4th Cir. 2000).

### III. ARGUMENT

**A. Plaintiff has failed to set forth facts establishing personal jurisdiction over STAT-MD.**

Center for Emergency Medicine of Western Pennsylvania, Inc., d/b/a STAT-MD is a non-profit corporation both incorporated and located in Pennsylvania. ECF Doc. 1 at § II; ECF Doc. 32. In order to sue STAT-MD in this Court, Plaintiff must show that this Defendant is subject to general or specific jurisdiction in the Commonwealth of Virginia. The plaintiff bears the burden of demonstrating that personal jurisdiction exists. Grayson v. Anderson, 816 F.3d 262, 267 (4th Cir. 2016). Plaintiff cannot meet his burden of showing personal jurisdiction over STAT-MD. Accordingly, his claims against STAT-MD should be dismissed for lack of personal jurisdiction.

**1. STAT-MD is not subject to general jurisdiction in Virginia.**

"General jurisdiction permits the court to hear any and all claims against the defendant, regardless of where the claims arose or the plaintiff's citizenship." Fidrych v. Marriott Int'l, Inc., 952 F.3d 124, 131 (4th Cir. 2020). General jurisdiction is found where the defendant has contacts with the forum jurisdiction that are "so constant and pervasive as to render it essentially at home in the forum State." Id. at 132 (quoting Daimler AG v. Bauman, 571 U.S. 117, 122 (2014)). Isolated items of corporate activities are insufficient to subject the corporation to general jurisdiction. Coastal Video Communs. Corp. v. Staywell Corp., 59 F. Supp. 2d 562, 568 (E.D. Va. 1999) (citing International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945)). "Only when the continuous corporate operation within a state is thought so substantial and of such a nature as to justify suit against it on causes of

4

action arising from dealings entirely distinct from those activities may a court assert general jurisdiction over a corporate defendant." Id.

STAT-MD unquestionably is not subject to general jurisdiction in Virginia. The Complaint alleges that "STAT-MD is a non-profit organization backed by the resources of the University of Pittsburgh Medical Center. Its headquarters is at 200 Lothrop St. #F 1301, Pittsburgh, PA 15213." ECF Doc. 1 at § II. Plaintiff has not alleged any corporate activities by STAT-MD in Virginia. Furthermore, STAT-MD lacks any ongoing business relationship with Virginia. Accordingly, Plaintiff has not claimed and cannot claim general jurisdiction over STAT-MD.

**2.	STAT-MD is not subject to specific jurisdiction in Virginia.**

If a defendant does not have sufficient contacts for general jurisdiction, the court may exercise specific jurisdiction where the defendant has continuous and systematic contacts with the forum state and the claims at issue arise from those contacts. Coastal Video, 59 F. Supp. 2d at 568. "The Due Process clause permits the exercise of specific personal jurisdiction over a defendant if the defendant has purposefully established minimum contacts in the forum State such that it should reasonably anticipate being haled into court there." Fidrych, 952 F.3d at 138. To determine whether specific jurisdiction lies in the forum state, the court must consider: "(1) the extent to which the defendant purposefully availed itself of the privilege of conducting activities in the State; (2) whether the plaintiffs' claims arise out of those activities directed at the State; and (3) whether the exercise of personal jurisdiction would be constitutionally reasonable." Perdue Foods LLC v. BRF S.A., 814 F.3d 185, 189 (4th Cir. 2016). For specific jurisdiction, "the defendant's actions must be directed at the forum state in more than a random, fortuitous, or attenuated way." ESAB Grp., Inc. v. Centricut, Inc., 126 F.3d 617, 625 (4th Cir. 1997).

Simply, Plaintiff's Complaint fails to allege any activities by STAT-MD directed at or occurring in the Commonwealth of Virginia. According to the Complaint, "STAT-MD reviews

5

mask-exemption demands submitted by its airline clients, including Defendant Southwest, without ever talking to the passenger and/or his/her physician." ECF Doc. 1 at ¶ 884. The arrangement described in the Complaint lacks any connection to Virginia. Although STAT-MD may have reviewed "mask exemption demands" from a traveler from Virginia, this activity is not directed at the Commonwealth and does not take place in the Commonwealth. Plaintiff has not alleged that individuals from STAT-MD were located anywhere but Pennsylvania while performing reviews on behalf of the Airline Defendants — none of whom are located in Virginia. Plaintiff's Complaint contains no further allegations regarding the activities of STAT-MD. Therefore, this Honorable Court lacks specific jurisdiction over STAT-MD.

Plaintiff's Complaint against STAT-MD should be dismissed for lack of personal jurisdiction.

**B.     Plaintiff's medical malpractice claim should be dismissed because the Complaint fails to allege the provision of health care or a physician-patient relationship.**

Plaintiff cannot claim medical malpractice where no medical treatment has been provided. Pursuant to Virginia's Medical Malpractice Act (VMMA), "Malpractice" is defined as "any tort action or breach of contract action for personal injuries or wrongful death, based on health care or professional services rendered, or which should have been rendered, by a health care provider, to a patient." Va. Code § 8.01-581.1 (2022). It is axiomatic that a medical malpractice action requires both medical services and a provider-patient relationship. Neither of these foundational elements are present in the instant matter.

Plaintiff was not a patient, and STAT-MD never agreed to provide him medical treatment. A "Patient" is "any natural person who receives or should have received health care from a licensed health care provider." Va. Code § 8.01-581.1. "Health care" is, in turn, defined as "treatment performed or furnished . . . by any health care provider for, to, or on behalf of a patient during the patient's medical diagnosis, care, treatment, or confinement." Id. Even a cursory review of the

Complaint reveals that Plaintiff's allegations fail to fit within these categories necessary for a medical malpractice action.

In fact, Plaintiff fails to allege the most basic element of a medical malpractice claim — that he entered into a consensual provider-patient relationship with STAT-MD. Under Virginia law, a medical provider's liability for medical malpractice is predicated upon an initial finding of a duty of care flowing from a consensual agreement between provider and patient. Harris v. Kreutzer, 624 S.E.2d 24, 30 (Va. 2006); see also Lyons v. Grether, 239 S.E.2d 103, 105 (Va. 1977) ("A physician's duty arises only upon the creation of a physician-patient relationship."). A physician-patient relationship "exists if a patient entrusts his or her treatment to the physician and the physician accepts the case." Prosise v. Foster, 544 S.E.2d 331, 332 (Va. 2001). The general test for determining whether a physician-patient relationship exists is whether a physician provided "health care to the patient." Jacobs v. Harris, 89 Va. Cir. 236, 236 (Va. Cir. Ct. 2014). Unless the physician performs a procedure on the patient or is involved in or affects the patient's course of medical treatment, the physician-patient relationship with its accompanying duties and obligations is not created. Lee v. Thiagarajah, 36 Va. Cir. 377, 381 (Va. Cir. Ct. 1995).

According to the Complaint, Plaintiff never interacted with STAT-MD. See ECF Doc. 1 at ¶ 884 (alleging that STAT-MD denied masking exemptions "without ever talking to the passenger and/or his/her physician"). And Plaintiff does not allege that STAT-MD ever participated in the diagnosis or treatment of Plaintiff. Rather, Plaintiff has alleged only that STAT-MD provided a service to airlines by analyzing requests for masking exemptions and recommending whether those exemptions be granted or denied. Such conduct cannot qualify as "health care" under the Virginia Medical Malpractice Act.

Similarly, STAT-MD never entered into a provider-patient relationship with Plaintiff. In order to establish liability on the part of STAT-MD, Plaintiff would have to demonstrate either that he was injured as a result of actions arising from a provider-patient relationship. But Plaintiff makes clear that he never interacted with STAT-MD. He was never examined by STAT-MD. Without the prerequisite provider-patient relationship, STAT-MD cannot owe Plaintiff a professional duty of care.

The Fourth Circuit has rejected medical malpractice claims under similar arrangements. In Wolf v. Fauquier Cty. Bd. of Supervisors, 555 F.3d 311 (4th Cir. 2009), a life coach at a licensed counseling center reported suspected child abuse at the hands of plaintiff to the Department of Social Services. The report was later dismissed as a "false positive." Among other claims, the plaintiff asserted a claim of medical malpractice against the life coach as well as a licensed social worker and psychiatrist who consulted the life coach to encourage the report of child abuse. In affirming the dismissal of this claim, the Fourth Circuit concluded that the consulting medical providers could not be sued for medical malpractice because they never provided medical care to the plaintiff. Plaintiff signed a contract for "life coaching," which does not qualify as medical care. Id. at 320. The plaintiff never interacted with these providers and never agreed to receive "health care" from them. Id. at 321. The providers never advised the life coach as to how to treat plaintiff; instead, they only advised the life coach to report plaintiff's threats. Id. By doing so, "they were not providing medical advice but rather were giving non-medical professional advice." Id. Therefore, the medical malpractice claim was properly dismissed.

Similarly, in Adams v. Harron, 1999 U.S. App. LEXIS 21937 (4th Cir. Sep. 13, 1999), the defendant physicians were retained by a law firm to provide consulting advice about which employees would qualify as plaintiffs in asbestos litigation. None of the employees retained the physicians, and none were examined by the physicians. "Indeed, none of them even knew who the doctors were."

8

Adams, 1999 U.S. App. LEXIS 21937 at *6. The physicians did not meet the employees but were only provided stacks of x-rays, with the name of an employee on each x-ray, so that they could determine whether the employee would qualify as a plaintiff in an asbestosis lawsuit. Id. at *6-7. The Fourth Circuit concluded that such an arrangement failed to qualify as a physician-patient relationship. Accordingly, the employees whose records were reviewed could not sue the physicians for medical malpractice. Id.

Because STAT-MD's actions were not undertaken in the course of medical treatment, and fall outside of any provider-patient relationship, STAT-MD cannot be liable for medical malpractice. Therefore, Count 44 of Plaintiff's Complaint should be dismissed.

**C.    Count 44 should be dismissed for the failure to file a certificate of merit.**

Virginia's Medical Malpractice Act requires that a medical malpractice plaintiff obtain an expert certification of merit prior to serving process upon defendant. Va. Code § 8.01-20.1. Because "expert testimony is ordinarily necessary to establish the appropriate standard of care, to establish a deviation from the standard, and to establish that such a deviation was the proximate cause of the claimed damages," Perdieu v. Blackstone Family Practice Ctr., 568 S.E.2d 703, 710 (Va. 2002), the certification requirement is intended to preserve the court's and the parties' resources from a malpractice claim which cannot prevail. The expert certification is necessary unless the plaintiff alleges an act of negligence so clear that it lies within the range of the jury's common knowledge and experience. Va. Code Ann. § 8.01-20.1. But outside of this rarely applicable exception — such as when a foreign object is left in a patient's body — the failure to comply with this certification requirement is "fatal" to a medical malpractice claim and is grounds for dismissal. Parker v. United States, 475 F. Supp. 2d 594, 596-97 (E.D. Va. 2007).

Plaintiff's medical malpractice claim falls outside the common knowledge and experience of a lay person. Plaintiff's malpractice claim is grounded in allegations that STAT-MD deviated from

9

the standard of care by failing to recognize that Plaintiff's Tourette Syndrome rendered him medically incapable of wearing a facial covering. Whether an individual with such a medical condition can safely wear a mask is surely not within the common knowledge of a jury. Therefore, Virginia law requires expert testimony to substantiate this claim. Absent the requisite certification, Plaintiff's medical malpractice claim cannot proceed. Plaintiff's failure to comply with the expert certification rule is fatal to his claim. Count 44 should be dismissed.

**D.      Count 19 of Plaintiff's Complaint should be dismissed because Plaintiff fails to allege a conspiracy or an intent to violate his civil rights.**

The remaining claim against STAT-MD is Count 19 for conspiracy to infringe on civil rights pursuant to 42 U.S.C. § 1985. In order to bring a claim under 42 U.S.C. § 1985(3), a plaintiff must show:

> (1) a conspiracy of two or more persons, (2) who are motivated by a specific class-based, invidiously discriminatory animus to (3) deprive the plaintiff of the equal enjoyment of rights secured by the law to all, (4) and which results in injury to the plaintiff as (5) a consequence of an overt act committed by the defendants in connection with the conspiracy.

Kobe v. Buscemi, 821 Fed. Appx. 180, 187 (4th Cir. 2020); Tomasello v. Greenzweig, 461 F. Supp. 3d 302, 317 (E.D. Va. 2020). But Section 1985 is not intended to apply to "all tortious, conspiratorial interferences with the rights of others" and cannot be utilized as a "general federal tort law." Griffin v. Breckenridge, 403 U.S. 88, 101-02 (1971). Instead, a Section 1985 conspiracy requires "some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action. The conspiracy, in other words, must aim at a deprivation of the equal enjoyment of rights secured by the law to all." Id. at 102; see also Hinkle v. City of Clarksburg, 81 F.3d 416, 421 (4th Cir. 1996) (noting that Section 1985 plaintiff "must come forward with specific circumstantial evidence that each member of the alleged conspiracy shared the same conspiratorial objective").

10

As an initial matter, Plaintiff's claimed disability does not place him in a class subject to a Section 1985 claim. See, e.g., Wilhelm v. Cont'l Title Co., 720 F.2d 1173, 1176 (10th Cir. 1983) (concluding that a class of handicapped persons does not come within the provisions of Section 1983).

Even if disability came within the ambit of Section 1985, Plaintiff's allegations nevertheless fails to show a conspiracy, let alone one aimed at discriminating against his alleged handicap. Instead, Plaintiff has provided only a formulaic recitation of a Section 1985 cause of action along with bare assertions of wrongdoing. As stressed by the Fourth Circuit, "where a conspiracy is alleged, the plaintiff must plead facts amounting to more than parallel conduct and a bare assertion of conspiracy." A Society Without A Name v. Virginia, 655 F.3d 342, 346 (4th Cir. 2011). A conclusory allegation of agreement does not suffice to show illegality. Id. "The factual allegations must plausibly suggest agreement, rather than being merely consistent with agreement." Id.

Plaintiff's Complaint provides a single allegation against STAT-MD for its involvement in the alleged conspiracy: "STAT-MD has participated in the conspiracy by denying mask-exemption demands for its airline clients submitted by disabled passengers without speaking to the passenger or his/her doctor." ECF Doc. 1 at ¶ 672. This allegation is insufficient to render STAT-MD liable for a Section 1985 conspiracy. Count 19 fails to show requisite specificity or plausibility which could entitle him to relief.

### III.     CONCLUSION

Defendant STAT-MD is not subject to personal jurisdiction in this Honorable Court.  Even if it were, Plaintiff has nevertheless failed to state a viable claim against STAT-MD.  Plaintiff cannot assert a medical malpractice claim because he was not a patient of STAT-MD and never received health care services from STAT-MD.  Plaintiff cannot assert a Section 1985 conspiracy claim because he has failed to allege any conspiratorial intent to deprive Plaintiff of his civil rights.  Accordingly, this Defendant requests that Plaintiff's Complaint as to STAT-MD be dismissed with prejudice.

DICKIE, McCAMEY & CHILCOTE, P.C.


/s/*Douglas M. Grimsley*
Douglas M. Grimsley (VA I.D. #70099)
Jeffrey J. Wetzel (pro hac vice)
Steven L. Ettinger (pro hac vice)
dgrimsley@dmclaw.com
jwetzel@dmclaw.com
settinger@dmclaw.com

Dickie, McCamey & Chilcote, P.C.
Two PPG Place, Suite 400
Pittsburgh, PA   15222-5402

Attorneys for Defendant:
Center for Emergency Medicine of Western Pennsylvania, Inc., d/b/a STAT-MD

**CERTIFICATE OF SERVICE**

I hereby certify that on this 8th day of April, 2022, I filed the foregoing Brief in Support of Motion to Dismiss Plaintiff's Complaint Pursuant to Federal Rules 12(b)(2) and 12(b)(6) with the Clerk using the CM/ECF System, which will send notification of such filing to the registered participants as identified on the Notice of Electronic Filing, and, on this day, I will cause a copy to be mailed to each of those indicated as non-registered participants and email a copy to Kleanthis Andreadakis, using the following email address from Mr. Andreadakis: MrRadioActive@protonmail.com.

By: /s/ Douglas M. Grimsley
Douglas M. Grimsley