IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA (RICHMOND DIVISION)

| | | |
|---|---|---|
| KLEANTHIS ANDREADAKIS | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:22-cv-052 |
| | ) | |
| CENTERS FOR DISEASE | ) | The Hon. Judge David J. Novak |
| CONTROL & PREVENTION, *et al.*, | ) | |
| | ) | |
|     Defendants. | ) | |

**AIRLINE DEFENDANTS' RESPONSE TO PLAINTIFF'S RESPONSE TO
APRIL 22, 2022 COURT ORDER REGARDING HEALTH FREEDOM FUND**

Defendants American Airlines, Inc., JetBlue Airways Corp., Southwest Airlines Co., Spirit Airlines, Inc., and United Airlines, Inc. ("Airline Defendants"), hereby respond as follows to Plaintiff's Response to the Court's April 22, 2022 request for briefing regarding the impact on this case of the decision by Judge Kathryn Mizelle in *Health Freedom Fund v. Biden*, 2022 WL 1134138 (M.D. Fla. April 18, 2022). ECF No. 89. Plaintiff Mr. Andreadakis states that (1) he "will continue to press all of [his] causes of action and will not abandon any claims"; (2) his "claims against the Airline Defendants and STAT-MD all remain alive because they are based on past discrimination," which he claims occurred "from Summer 2020 to April 2022"; and (3) Plaintiff "will file oppositions to the Airline Defendants' and STAT-MD's Motions to Dismiss once the Court **sets a deadline for me to do so**." ECF No. 89, at 1, 5 (emphasis added). In fact, Plaintiff did not meet the deadline for responding to the Airline Defendants' motion to dismiss, which was filed on April 6, 2022. ECF Nos. 78, 79. Although Plaintiff moved for an unspecified extension of time in which to respond to the Complaint after his motion for preliminary injunction was ruled on (ECF No. 82), the Court did not grant that enlargement motion, and in any event the Court denied the preliminary injunction motions on April 22, 2022. ECF Nos. 87, 88.

The Airline Defendants respectfully submit that Judge Mizelle's summary judgment ruling in *Health Freedom Fund v. Biden* has had the practical impact of mooting Plaintiff's claims for injunctive relief relating to the Federal Transportation Mask Mandate ("FTMM") and the airlines' implementation of the FTMM. There currently is no *mask mandate* that is being enforced on domestic flights in the United States. The fact that there could one day be a new mask mandate is at best speculative. This possibility has no impact on the current case. From the Airline Defendants' perspective, they were commanded by security directives issued by their regulatory agency – the Transportation Security Administration ("TSA") – to impose the FTMM for their flights. *See, e.g.*, SD 1582/84-21-01D (March 19, 2022), https://www.tsa.gov/sites/default/files/SD%201582-21-01D.pdf ("Consistent with these mandates and TSA's authority, TSA is issuing this SD requiring masks to be worn to mitigate the spread of COVID-19"). There was no "discretion" on the part of the Airline Defendants as to whether or not they would abide by TSA security directives relating to the FTMM. However, once TSA rescinded the relevant security directives following Judge Mizelle's decision, there was no longer any requirement for the Airline Defendants to enforce the FTMM, and they stopped doing so. Plaintiff can fly back and forth to California or wherever without a mask, as he was actually able to do so before Judge Mizelle issued her ruling.

Nevertheless, Plaintiff asserts that he is entitled to damages resulting from acts or omissions which occurred prior to Judge Mizelle's ruling and the resulting termination of the TSA security directives. The fact that Plaintiff actually was able to fly without a mask [Airline Defendants' Amended Notice of Flight Taken by Plaintiff, ECF No. 33] in and of itself demonstrates the baselessness of his claims for damages. Moreover, because the time for Plaintiff to respond to the Airline Defendants' motion to dismiss has expired, the Court should proceed to

rule on the motion to dismiss. And, the Airline Defendants respectfully submit that for the reasons set forth in the Memorandum of Law in support their pending motion to dismiss (ECF Nos. 78 and 79), none of the Plaintiff's claims against them is legally cognizable.

As set forth in ECF No. 79, allegations of discrimination by the airlines on the basis of disability are to be pursued exclusively by filing an administrative complaint with the U.S. Department of Transportation ("DOT") which has extensive procedures in place for handling such issues – *see* 14 C.F.R. Part 382. To the extent that Plaintiff believes that DOT failed to act timely or properly with regard to any complaint he filed with DOT alleging discrimination on the basis of disability, his exclusive judicial remedy would be to timely file a petition for review with the U.S. Court of Appeals for the D.C. or Fourth Circuit. *See* 49 U.S.C. § 46110. However, the Plaintiff may not circumvent the requirements to exhaust his administrative remedies, or the need to bring any legal challenge in Circuit Court.

Plaintiff also may not try to use the Civil War era statutes – 42 U.S.C. §§ 1985(3) and 1986 – to pursue his claims in Counts 19 and 20 for civil conspiracy based on an alleged physical or mental disability. *See Wilhelm v. Cont'l Title Co.*, 720 F.2d 1173, 1177 (10th Cir. 1983), *cert. denied*, 465 U.S. 1103 (the genesis of 42 U.S.C. § 1985(3) was racial conflict in the Reconstruction Era and "a class of 'handicapped persons' was not in the contemplation of Congress in 1871, and was not included as a class in what is now § 1985(3)"); accord *Corkery v. SuperX Drugs Corp.*, 602 F. Supp. 42, 44-45 (M.D. Fla. 1985) (relying on *Wilhelm*); *D'Amato v. Wisconsin Gas Co.*, 760 F.2d 1474, 1487 (7th Cir. 1985) (allowing § 1985(3) to be used for a claim of disability discrimination "would conflict with the Congressional purpose underlying Section 1985"); *see also Harrison,* 766 F.2d at 155, 163 (discharged employee's action against his employer and two officials, claiming a conspiracy to prevent him from running for public as a Republican, dismissed

on grounds that Republicans are not a class protected by § 1985(3)); *Downs v. Sawtelle*, 574 F.2d 1, 16 (1st Cir. 1978), *cert. denied*, 439 U.S. 910 (1978).

Plaintiff's section 1985(3) claim fails for another reason: there is a preexisting statute and regulatory structure for discrimination claims against the airlines – namely, the ACAA. In other words, a plaintiff cannot try to use section 1985(3) to circumvent the detailed administrative regulations and procedures which the DOT has promulgated and enforces for the purpose of responding to passenger complaints for disability discrimination against airlines. 42 U.S.C. § 1985(3) does not apply to the conduct or omissions of airlines or their employees because disability discrimination claims by disabled airline passengers are exhaustively covered by the ACAA, 49 U.S.C. § 41705, and the DOT implementing regulations, 14 C.F.R. Part 382. *D'Amato,* 760 F.2d at 1487; *Sauter v. State of Nevada*, 142 F.3d 445, 1998 WL 196630, at *1 (9th Cir. 1998) ("Sauter's allegations of a conspiracy to violate his ADA and ADEA rights implicate an animus toward a congressionally protected class. These claims are not cognizable under § 1985, however, because that section cannot serve as a vehicle to enforce statutory rights when the statute in question has its own remedial structure") (citing *Great Am. Fed. Sav. & Loan Assn. v. Novotny,* 442 U.S. 366 (1979)). *See also* C*ompass Airlines, LLC v. Montana Dep't of Lab. and Indus.*, No. CV 12-105-H-CCL, 2013 WL 4401045, at *14 (D. Mont. Aug. 12, 2013) ("The air carrier is now answerable to the DOT for ACAA regulation violations, and it appears that Congress intended that this be the exclusive remedy in cases not involving breach of contract or bodily injury or death").

An additional reason why Claims 19 and 20 should be dismissed is the lack of specific allegations of the existence of a conspiracy. In addition, Plaintiff may not avoid the lack of a private right of action to pursue his claims under the Air Carrier Access Act, 49 U.S.C. § 41705, or the Rehabilitation Act, 29 U.S.C. § 794(a), and the fact that all of his state law claims are

preempted by the Airline Deregulation Act or otherwise fail to state a claim for which relief may be granted.  The remaining claims pursued by Plaintiff are also without legal basis (for the reasons provided in ECF No. 79).  For example, although Count 41 of the Complaint purports to allege a claim for infringement on the constitutional right to travel against the Airline Defendants, there is in fact no constitutional right to travel by aircraft in the United States.  *See Gilmore v. Gonzalez*, 435 F.3d 1125, 1136 (9th Cir. 2006) ("Gilmore alleges that the identification policy violates his constitutional right to travel because he cannot travel by commercial airlines without presenting identification, which is an impermissible federal condition.  We reject Gilmore's right to travel argument because the Constitution does not guarantee the right to travel by any particular form of transportation"); *id.* at 1137 ("Gilmore does not possess a fundamental right to travel by airplane even though it is the most convenient mode of travel for him"); *Wall v. CDC*, 543 F. Supp. 3d 1290 (M.D. Fla. 2021) (mask mandate did not infringe passenger's Constitutional right to travel); *id.* at 1293 ("Plaintiff can still fly to Utah in compliance with the FTMM.  Moreover, flying may be Plaintiff's preferred mode of transportation, but it is by no means the *only* reasonable mode of transportation available to him.")  (emphasis in original)

      The Airline Defendants respectfully submit that in addition to Plaintiff's injunctive relief claims being moot at this time, for the reasons set forth in the Airline Defendants' motion to dismiss the Complaint and supporting memorandum of law (ECF Nos. 78-79), the Complaint and actions should be dismissed.

Dated: May 9, 2022                                              Respectfully Submitted,

                                                                    */s/ Joshua Cox*
                                                                    Joshua Cox
                                                                    STINSON LLP
                                                                    1775 Pennsylvania Ave., N.W., Suite 800

Washington, D.C. 20006
(202) 728-3023
Email: Joshua.cox@stinson.com

M. Roy Goldberg
STINSON LLP
1775 Pennsylvania Ave., N.W., Suite 800
Washington, D.C. 20006
(202) 728-3005
Email: roy.goldberg@stinson.com
Admitted *Pro Hac Vice*

Counsel for American Airlines, Inc., JetBlue Airways Corp., Southwest Airlines Co. and United Airlines, Inc.

## CERTIFICATE OF SERVICE

      I hereby certify that, on this 9th day of May, 2022, I electronically filed the foregoing Airline Defendants' Response through the CM/ECF system, which will send notification to the registered participants as identified on the Notice of Electronic Filing.

                                                  */s/ Roy Goldberg*
                                                  Roy Goldberg